Daniel, Judge,
 

 having stated the case as above, proceeded as follow: The plaintiff in his character of administrator
 
 de bonis non
 
 of Dailey, cfinnot be regarded as a creditor of Ovice, because that character was acquired
 
 after
 
 Ovice’s death; and besides, the act contemplates creditors having claims, that might be enforced at the death of the debtor whom it calls on to present these claims, within seven years thereafter, under the penalty of being barred. In the plaintiff’s character of legatee, under Dailey’s 'will, the' act of 1715, 1 Rev. Stat. ch. 65, sec. 11, does not apply. The act declares, that the
 
 creditors
 
 of the deceased should make their claim within seven years. Legatees are not named in the act, and have never been considered as coming within the provisions of it. The defendant is not protected by the act of 1789, 1 Rev. Stat. ch. 65, sec. 12: for there is no allegation nor evidence, in the case, of such advertisement ever
 
 *220
 
 having been made, as is directed by the act, to bar even a creditor.
 

 The defendant also relies on lapse of time as a reason why the court should not now entertain the bill, and drive him to account with the plaintiff. No time short of twenty years, has ever restrained the Courts of Equity, from enforcing an account in favor of a legatee against an executor or his representatives. The case, is not, we think, within the provisions of the Act of Assembly of 1826, 1 Hev. Stat. ch. 65, sec. 14. That act declares, that ten years’ time shall be a presumption of payment or abandonment of the right of redemption on a mortgage, and of
 
 other equitable interests.
 
 It seems to us, that the Legislature meant, by these words, such equitable interests as, previous to the passing of this act, were barred by time, in analogy to the statute of limitations in England, barring entries into land; such as constructive trusts in land, and other equitable interests of that nature. But we are of the opinion, that the right to a legacy or a distributive share was not intended to be comprehended within the phrase, equitable interest, as used in the act. If the Legislature had intended that ten years should be a bar to the recove-ery of legacies, or distributive shares, we think these would have been expressly mentioned in the act, and not left to be inferred from a general and vague sentence. But fifteen years had elapsed, from the death of Samuel to the filing of the bill. As it is possible, however, notwithstanding the fruitless en-quiries made after the relations of Dailey, mentioned in his will, that they may yet be found, we deem it proper to direct a publication to be made, inviting them, if in existence, to come forward and assert their claim to the property in dispute.
 

 We are of opinion, that the plaintiff is entitled to a decree for an account against the defendant.
 

 Pee. Curiam. Decree accordingly.