Gaston, Judge.
 

 At December Term, 1835, a decretal order was made in this cause, declaring that the plaintiff, as administrator of Charlotte, his deceased wife, was entitled to one undivided sixth part of the female slave, Oney, formerly the property of Robert Graham, the father of the said Charlotte, and of the increase of said Oney. But at the same time, we declined rendering any final decree, notwithstanding the parties then before us had waived all objections for want of parties, because we deemed it indispensable that the persons actually holding these slaves should be brought before the court. The reasons which induced us to make this declaration, are set forth in the opinion published, 1
 
 Dev. Bat. Eq.
 
 169. The bill has since been amended by making all the necessary parties thereto, and it is now brought on to a hearing, as against the new defendants, and for a re-hearing as against the original defendants, to whom we have granted leave to have the former decretal order reexamined.
 

 It is unnecessary to consider any of the special matters of defence set up by the new defendants, because these are affirmative allegations on their part, in avoidance of theiplaintiff’s claim, and the answers containing them have been put in issue by a general replication, and no proofs whatever have been taken to support the allegations. But they all rely mainly on the ground of defence taken by the original defendants, under whom they set up title, that the plaintiff was paid and satisfied in full tor this claim, in a settlement with the administrator of Robert Graham, in 1812; and on another, to wit, that, according to the established course of the
 
 *198
 
 court, a bill for an account by the next of kin against an adnrmistrator will not be entertained after a lapse of twenty years
 
 from the death of the intestate.
 
 We do not so un^erstan<^ com'se of the court. Lapse of time constitutes no
 
 bar
 
 to the demand of an account by the next of kin against the administrator; but it may raise a presumption that an account has been rendered, and satisfaction made; or the claim to satisfaction abandoned. The farthest that we have gone in raising such a presumption from lapse of time is, where there has been an interval of twenty years after the time appointed for settlement with the next of kin, and there has been no claim made, no explanation given of the delay to claim, and no circumstances appearing to shew the trust yet unclosed. Upon the pleadings, it does not appear that such an interval elapsed in the present case. But if it did, we have already stated, in the opinion referred to, the circumstances disclosed by the defendants, which have brought us to the conclusion, that the plaintiff has neither been paid for his share of Oney, nor has abandoned his
 
 claim therefor.
 
 We see no cause to change that opinion; nor do we deem it necessary to repeat the reasons upon which it is founded.
 

 The decretal order as heretofore rendered is therefore confirmed, and a similar decree must be rendered against the new defendants. The plaintiff must also be declared entitled to an account of the hires and profits of the slaves, but such account is not to be carried back further than to the time of filing the original bill. In thus restricting the account, the court is influenced by these considerations. We have heretofore stated our belief that the negroes remained in Mrs. Graham’s possession, until the division, by the general acquiescence of all interested. And when the division was made, leaving out the plaintiff, it was, in fairness, in - cumbent on him to give prompt notice of his claim to those who received the negroes as the next of kin; and probably under the supposition that there was no other claimant. Upon the taking of this account, the commissioner will of course give to the defendants the benefit of all just allowlowances.
 

 Per Curiam. Decree accordingly.