CONSIDER BUSHEE and others v. LEWIS M. SURLES and others.

*Evidence--Impeachment of Judgment--Witness--Competency of Party Interested--Statute of Limitations--Action by Next of Kin Against Administrator.*

1. It is not competent to impeach a regular judgment of a Court collaterally ; *Therefore,* when, in an action by distributees against an administrator to recover their share of the decedent's estate, the record of a judgment in favor of the administrator was put in evidence ; *Held,* That evidence offered to show that a part of such judgment consisted of funds derived from the sale of property belonging to the remaindermen and not to the administrator, was properly rejected.

2. A defendant having an interest in the event of an action is not permitted under C. C. P. § 343, to testify in his own behalf, for the purpose of contradicting a former witness whose evidence tended to show that the defendant fraudulently procured an assignment from a person deceased.

3. The statute of limitations does not run in favor of an administrator against an action by the next of kin for their distributive shares.

CIVIL ACTION tried at Spring Term, 1877, of HARNETT Superior Court, before *McKoy, J.*

This action was commenced in the Probate Court of said County by the plaintiffs as heirs-at-law of Patience Bushee against the defendant, Lewis M. Surles, administrator of said Patience, and James C. Surles, executor of Consider Bushee, her husband, for an account and settlement, and for their distributive shares. Upon issues joined, it was transferred to the Superior Court for trial, and under the instructions of His Honor the jury rendered a verdict for the plaintiffs and the defendants appealed.

The facts which constitute the basis of the decision of this Court are sufficiently stated by Mr. Justice BYNUM in delivering the opinion.

*Messrs. McRae & Broadfoot, T. H. Sutton* and *J. W. Hinsdale,* for plaintiffs.

*Messrs. Neill McKay* and *Guthrie & Carr,* for defendants.

BYNUM, J. It was left to the jury as an issue of fact, whether James C. Surles obtained the assignments of the distributive shares of three of the plaintiffs in the estate of Patience Bushee, fraudulently. The case is before us upon questions of evidence which arose on the trial of that issue.

The case is this: The defendants, Lewis and James Surles, are brothers; Consider and Patience Bushee were husband and wife. On the death of Consider, James Surles became his executor; on the death of Patience, Lewis Surles became her administrator. Consider Bushee, by his will, gave his wife a life estate in his property, and then over.

The widow became a lunatic, and one Stewart was appointed her guardian, and out of the life estate accumulated a considerable sum of money, out of its rents and profits.

The widow dying and Lewis Surles having become her administrator, a suit was instituted between the guardian and administrator of Patience, and the executor of Consider Bushee, for the settlement of the guardianship and the adjustment of the rights of the parties in said fund. Such proceedings were taken that a decree of the Court was rendered, and $1680 was adjudged to Lewis M. Surles, as administrator of Patience, and the balance of $1439 to James C. Surles, as executor of Consider Bushee who claimed that a part of the fund was derived from sales of property which belonged to the remaindermen. These sums were paid over by the guardian to the administrator and the executor respectively.

The plaintiffs are some of the distributees of Patience Bushee, and are suing the administrator for the recovery of their shares. The administrator resists the payment on the ground that he has already paid these shares to their assignee, James C. Surles, who purchased them.

The plaintiffs reply that the assignments were fraudulently obtained and are void.

1. The plaintiffs put the record of the judgment in favor

of the administrator in evidence. The defendants offered evidence to show that the largest part of the judgment consisted of funds derived from the sale of property which belonged to the remaindermen, and not to the administrator. The Court rejected the evidence properly.

It is not competent to impeach a regular judgment of the Court collaterally. The judgment established the character of the fund, and he received it as administrator and as part of the estate of the intestate.

2. For the purpose of establishing fraud in procuring the assignment, the plaintiffs introduced one Edward Massenger, not a party in interest, who testified to a conversation he heard between James C. Surles and Willie Massenger and wife Harriet, at the time he, Surles, procured the assignment from them. To contradict this evidence the defendant, James C. Surles, offered himself as a witness in his own behalf. But it appearing that Willie Massenger and wife were dead, upon objection, this evidence was not admitted. In that there is no error. The parties deceased had an interest in this controversy, and the defendant is excluded by C. C. P. § 343, from testifying to a transaction between himself and a party now deceased.

3. The defendants relied on the statute of limitations in the Court below, but do not press the point here. The statute does not run in favor of administrators, against the suit of the next of kin for their distributive shares.

The instructions of the Judge to the jury were fair, and favored the defendants fully as much as the evidence warranted. Admitting that there was no such direct fiduciary relation between the plaintiffs as raised a presumption of fraud in the transaction, yet it is almost certain that at the time the assignments were procured, James C. Surles knew the value of the distributive shares, and that Lewis M. Surles, at the time he paid over these distributive shares to the assignee, knew they were obtained for far less than their

value, and that the plaintiffs had no knowledge of their value, were ignorant, and had no means of ascertaining their value, save the knowledge of the administrator, which was not communicated to them. The defendants were brothers. James, as executor of Consider Bushee, knew the value of that portion of it which he had delivered to Patience, from which the fund in question arose; and Lewis, as administrator of Patience, also knew its value. They had peculiar means of knowing, not accorded to the plaintiffs, and they were both also joint distributees with the plaintiffs in the estate of Patience Bushee, and therefore had an additional reason for knowing, separate from the opportunity of knowledge conferred upon them by law, as representing the estates.

Collusion between the brother defendants is not positively established, but clearly the evidence was sufficient to establish fraud, as found by the jury, as to James C. Surles.

There is no error.

PER CURIAM. Judgment affirmed.