\* R. M. SLOAN and others, Trustees, v. THOMAS McMAHON.

*Reference—Account—Practice—Appeal.*

1. It is irregular to proceed with a reference to state an account while there are matters of defense left open which, if sustained by evidence, will bar the claim to have such account.

2. Under this rule, where the defendant's answer calls for an account, and the plaintiff replies a full settlement heretofore of all matters of account between the parties, it is proper for the court to submit to the jury the issue raised by the replication before ordering a reference to take the account demanded.

3. Such action on the part of the court decides no substantial right, and is not the subject of an appeal.

(*Sutton* v. *Schonwald*, 80 N. C., 20, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of GUILFORD Superior Court, before *Avery, J.*

Defendant appealed from the order of the court below.

*Messrs. Watson & Glenn* and *W. S. Ball*, for plaintiff.
*Messrs. Scott & Caldwell*, for defendant.

SMITH, C. J. The plaintiff assignees of the insolvent partnership of Wilson & Shober for the benefit of their creditors, seek to recover the sums due on three accepted bills and two promissory notes executed by the defendant and bearing date in October, 1871, and the others in the spring of 1874, upon four of which is an endorsement in these or words of similar import: " This note re-assumed and statute limitations waived June 25th, 1877," and on the remaining bill: " Bal. of this note, $898.27, re-assumed and statute limitations waived, June 25th, 1877," all with the defendant's signature. The answer not denying the indebtedness aris-

---

\*Ruffin, J., did not sit on the hearing of this case.

ing upon the securities, avers that they were discounted by the assignors, then engaged in the business of bankers, and a sum placed to his credit, lessened by the deduction from their face of a large usurious interest at a rate never under 15 per cent., and generally 18 per cent., the particulars of which in each case he is unable to set out in consequence of the loss of his bank book, but which will appear by an inspection of their books; and the defendant further alleges that the assignors, before their conveyance, received large sums from sales of manufactured articles consigned to their agent in New York, and he sustained large losses from the mismanagement of said agent, whereof as well as for such illegal deductions for interest he demands an account, and that the sum ascertained to be due him may be applied towards the payment of his notes and bills.

To these allegations the plaintiffs, not admitting their truth, reply that at the date of the several endorsements, there was a full settlement of all matters of account between the parties, and the aggregate indebtedness then recognized in said entries as due.

To this replication the defendant demurs, and assigns as the ground thereof that the plaintiffs do not set out an exhibit of the dealings between the assignors and the defendant, nor of the several sums charged upon the discounted papers in excess of lawful interest, and that the replication fails to allege an account stated sufficient to bar an inquiry into the matters of defence constituting his counter-claim.

It does not appear what disposition was made of the demurrer, but the defendant's motion for a reference, as demanded in his answer, and the statement of an account was denied, and the court proceeded to frame issues to be submitted to the jury as follows: 1. Was there a settlement on the 25th day of June, 1877, between the assignors of the plaintiffs and the defendant of all matters of account and mutual claims and demands; and 2. If so, did the defen-

dant by his several endorsements, set forth in the complaint, agree to pay the balance ascertained upon said settlement to be due to the said assignors?

The defendant's appeal is from the overruling of his motion, and the order for submitting the prepared issues to the jury.

As we interpret the action of the court, it is but a refusal to make the reference before the verdict is taken upon the issues, and not the denial of the reference, if it shall be deemed necessary after the trial. It would be irregular to proceed with a reference unless in the exceptional cases specified in C. C. P., §245, while there is, or may be a defence to the whole action left meanwhile not acted on. The finding of the jury will be harmless if the facts when ascertained do not go to the merits of the case, and may be disregarded, while a valid defence which defeats a recovery, renders the taking of an account wholly useless. It was therefore a matter resting in the sound discretion of the judge, to ascertain the facts which the plaintiffs rely on to bar the counter-claim, in order to determine their legal sufficiency before instituting the laborious inquiry involved in the denied application, and this affects no substantial right of the appellant within the meaning of C. C. P., §299, as heretofore interpreted by the court.

The interruption of trials and the delays consequent upon appeals improvidently and needlessly taken, now without the assent of the court, imposes upon us the imperative duty of refusing to entertain them unless the order of determination of the judge not only " involves a matter of law or legal reference," but " which affects a substantial right claimed in the action or proceeding" by the appellant. We think the present not one of the cases provided for in the code, and must dismiss the appeal. *Sutton* v. *Schonwald*, 80 N. C., 20; *Commissioners of Wake* v. *Magnin*, at this term.

The appeal must therefore be dismissed and the cause left in the court below to proceed as if no appeal had been taken. This will be certified.

PER CURIAM.                                    Appeal dismissed.