JULIA A. VAUGHAN, Adm'x, v. A. P. HINES.

*Executors and Administrators—Final Account—Statute of Limitations—Surety and Principal.*

1. An administrator's account, filed and audited, in which a balance is ascertained to be due the heirs or next of kin, as a final account.

2. And an action by the next of kin upon the bond of the administrator to recover distributive shares, is barred after six years from the auditing of the same. Code, § 33 (2). This statute protects both principal and surety upon the bond.

(*Bushee* v. *Surles,* 77 N. C., 62; *Ivy* v. *Cox,* 1 Dev. Eq., 58; *Hodges* v. *Council,* 86 N. C., 181, cited and approved).

CIVIL ACTION tried at December Special Term, 1881, of HERTFORD Superior Court, before *Graves, J.*

The action was brought by the plaintiff, as administratrix *de bonis non* of Henry Vaughan, against the defendant as a surety on the administration bond of Benjamin A. Spiers, the former administrator of said Henry Vaughan, to recover the amount of unadministered assets remaining in his hands after his death.

The bond of Spiers was executed on the 26th day of October, 1866. He died on the — day of —, 1874.

The plaintiff was appointed administratrix *de bonis non* of Henry Vaughan on the 21st of February, 1881, and this action was commenced on the 4th day of April, 1881.

It was admitted that Benjamin Spiers, former administrator of Henry Vaughan, had in his hands at the time of his death $227.22, with interest thereon from the first day of July, 1872, assets belonging to the estate of his said intestate, unadministered.

The defendant denied the right of the plaintiff to recover, and relied upon the statute of limitations, as set up in the answer, which was to the effect, that the records of the court

show that the said Spiers, as administrator aforesaid, on the 13th day of May, 1873, made a return of his account as such to the office of the probate judge of the county of Hertford, which was duly recorded, and in which he shows a balance of $227.22 due said estate on the first day of July, 1872, and that more than six years had elapsed since the making of said return and the commencement of this action.

Thereupon the judge submitted the following issue to the jury: "Is the plaintiff's claim barred by the statute of limitations as set up in the answer?

The only evidence offered before the jury was two returns made by the administrator, Spiers, to the judge of probate. The first, on the 10th day of July, 1872, in which a balance is acknowledged to be *due the heirs* of $228.37 with the entry of the judge of probate in the records of his office that "the foregoing return of Benjamin A. Spiers, administrator of Henry Vaughan, is this day made to the undersigned judge of probate on oath, and with vouchers, and upon examination I find balance in hands of administrator, $207.62 principal money and $20.75 interest." The other was on the 13th day of May 1873, and was the return referred to in the answer and the issue, showing a balance due of $227.22 with the entry of the certificate of the judge of probate that, "the foregoing return of B. A. Spiers, administrator of Henry Vaughan, is this day made to the undersigned judge of probate, on oath, showing a balance of $227.22.

His Honor charged the jury that the latter return was a final account, and that the same had been duly audited, and if six years had elapsed since the filing of said account and the bringing of this action, the plaintiff's claim was barred by the statute of limitations. To the charge the plaintiff excepted, and the jury returned a verdict in favor of the defendant, responding "yes" to the issue. There was a judgment upon the verdict and the plaintiff appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
No counsel for defendant.

ASHE, J. The only question presented by the record for our determination is—was the alleged error in the charge of His Honor, that the account filed by the administrator, Spiers, on the 13th day of May, 1873, was a final account, and if six years had elapsed since the filing of said account and the bringing of this action, the plaintiff's claim was barred by the statute of limitations.

We concur in the ruling of His Honor that the account filed by the administrator, Spiers, on the 13th day of May, 1873, was a final account, though we see no reason why that filed by him on the 10th day of July, 1872, might not be so considered. It showed a clear balance due the heirs on the 1st of July, 1871, after the payment of all debts and expenses of administration. It purported to be a balance *due the heirs on the 1st of July,* 1871. The amount then shown to be in the hands of the administrator could not be due the heirs, by which was meant the next of kin, but after the payment of all the debts and expenses of administration. It was such a statement as showed to all persons interested in the distribution of the estate, that the administration of the estate was finished ; that there was no longer a necessity for holding the surplus; and that it was subject to the call of the next of kin, the payment of which they had the right to enforce by action. The return on the 13th of May was but a repetition of the return of the 10th of July, 1872, varying only to the amount of a few cents, which was evidently the result of a clerical error.

The return then being held to be a final account, the question arises, how does that affect the defence of the statute of limitations.

It is settled as a general principle that the statute of limitations does not run in favor of an administrator against

an action by the next of kin for their distributive shares. *Bushee* v. *Surles*, 77 N. C., 62. In that case there had not been any final account filed by the administrator.

Before the adoption of the Code of Civil Procedure the statute of limitations had no application to such actions as this, nor, since the Code went into operation, to any such action where the right of action accrued prior to its adoption, but if it accrued since that date, then the statute of limitations prescribed by the Code applies. C. C. P., § 16.

The plaintiff complains of no breach of the bond of the administrator prior to October, 1870, and as none is alleged, none is to be presumed; and if there was no breach prior to that date, then no right of action had theretofore accrued, and the statute of limitations prescribed by the Code applies to this action.

That being so, the question arises, does the statute of limitations prescribed by the Code run in favor of an administrator against an action brought by the next of kin for their distributive shares? It was held in *Ivy* v. *Cox*, 1 Dev. Eq., 58, a case decided in 1826, and recently approved by this court in the case of *Hodges* v. *Council*, 86 N. C., 181, "that where there was a return made by an administrator to the county court admitting balance against him, the statute of presumptions was put in motion, and after ten years from the date of the return a bill filed by the next of kin to recover that balance was held to be too late. Chief Justice TAYLOR, who delivered the opinion of the court, said:

" This case is purely of equitable jurisdiction, and not subject to any legal bar, by force of the statute of limitations, yet this court, from an early period, has adopted rules as to barring an equity, drawn as nearly as possible from analogy to the rules of law." And in answer to the objection that the defendant who was an administrator, was a trustee, and therefore could not avail himself of such a defence, pro-

ceeded to say: "I deem it unnecessary to examine the doctrine relative to express and implied trusts, because the settlement of the account by the administrator presents a clear ground of decision, whatever the defendant's original character may have been. From that time the trust ceased to be open, and the defendant stood in a new relation to the complainant as his debtor. Could the complainant have sued at law, his cause of action would then have begun to run from that time."

The principle to be deduced from this decision is, that if an action should be brought at law upon the bond of an administrator, who had filed his final account in the proper office, the *statute of presumptions* would begin to run in his favor against the next of kin, and the claim would be presumed to be paid after the lapse of ten years from the time of filing the account.

But the statute of presumptions has been repealed so far as it applied to actions upon the bonds of administrators where the right of action accrued since the adoption of the Code, (§ 16) and in lieu thereof statutes of limitation substituted.

We can see no reason why the same principle which sets in motion the statute of presumptions against the next of kin, should not also put in operation the statute of limitations against them.

Our conclusion therefore is, that after the final account, the statute does run against the next of kin, and an action against the administrator upon his official bond is barred after six years from the auditing of his final account. Sub. div. 2, § 33, C. C. P. And if this statute protects the principal, it must also protect the surety on the bond.

The statute having been once put in motion in favor of the defendant as surety on the administration bond, its course could only be obstructed by a legislative enactment, and there is no legislation by which its running in this case

29

has been checked or suspended. Section 43 of the Code is the only legislation upon the subject. It provides that, "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his executors or administrators after the expiration of that time," &c. But it will be seen that the provisions of the section can have no application to this action, for the defendant here is still living, and they apply only to an action where the defendant dies before the expiration of the limited time.

Entertaining the opinion that the action is barred by the statute, the judgment of the superior court must be affirmed.

No error.                                                   Affirmed.