## COMMISSIONERS OF WAKE v. CITY OF RALEIGH.

*Reference—Account—Fines—Towns and Cities—School Fund.*

1. A reference for an account should not be ordered before passing upon a defence set up, which if sustained may put an end to the controversy.
2. Fines imposed and collected under city ordinances, are not included in the constitutional provision appropriating fines, &c., collected in the several counties to the school fund.

(*R. R. Co.* v. *Morrison,* 82 N. C., 141; *Neal* v. *Becknell,* 85 N. C., 299; *McPeters* v. *Ray, Ib.,* 462, cited and approved).

APPEAL from an order of reference made at June Term, 1882, of WAKE Superior Court, by *MacRae, J.*

Defendant appealed.

*Messrs. Fowle & Snow* and *T. R. Purnell,* for plaintiff.
*Messrs. Reade, Busbee & Busbee,* for defendant.

SMITH, C. J. The object of the present action is the recovery of moneys alleged to belong to the plaintiffs, as a board of education for the county, collected and paid into the treasury of the city of Raleigh.

The complaint charges the fund claimed to have been derived from "the net proceeds of the sale of estrays and the clear proceeds of the penalties and forfeitures and fines for breaches of the penal laws of the state of North Carolina"—following the language of section four, article nine, of the amended constitution, which appropriates moneys received from these sources to the establishment and maintenance of free public schools.

The demurrer put in by the defendant assigns, among other causes, that the fund demanded was collected by the "defendant under and by virtue of its charter and the laws of the state," and by its own proper officers, and that the defendant is entitled thereto.

The demurrer being overruled, the defendant answered, denying that any moneys described and appropriated in the clause of the constitution referred to, and to which the plaintiffs have a rightful claim, have been received by the defendant.

Upon the complaint and answer, but without an adjudication upon the issue of law made in the pleadings, and involving the preliminary question of the defendant's liability in the premises, at the instance of the plaintiff an order of reference was entered, directing a statement of "an account of the fines, penalties, forfeitures and estrays collected by the defendant from the sources mentioned in the complaint, and report to this court."

The defendant appeals from this judgment, and our only inquiry is as to its regularity and correctness at this stage of the proceeding, and before the determination of the preliminary matter which may be decisive of the cause, and render any reference unnecessary.

There is an obvious irregularity in ordering a reference for an account, before disposing of a defence founded in law or in fact, and which if sustained puts an end to the action and renders an inquiry useless. The rule of practice in an orderly course of procedure is to have such defence first passed on and decided, as is explained in *A. T. and O. Railroad* v. *Morrison*, 82 N. C., 141, and again recognized in *Neal* v. *Becknell*, 85 N. C., 299.

The force of the decision is not impaired by the ruling in *McPeters* v. *Ray*, 85 N. C., 462, which is based upon the particular circumstances of the cause, and while the reference preceded the determination of the issue as to a partnership, it was made in express terms without prejudice as to the defence, and the existence of the partnership, conceded in the answer to a limited extent, was afterwards found by the jury. The irregularity, if such it be, was thus corrected and all the just rights of the defendant preserved.

The overruling of the demurrer is not a determination of the question of the defendant's liability for, and the plaintiff's right to the moneys derived from fines, forfeitures and penalties under

city ordinances, but for such only as are described in the complaint and claimed under the constitution, and therefore the case made in the answer and resting upon different facts is not involved in that decision.

But as the order of reference is susceptible of an interpretation that it is based upon the assumed truth of the statements in the answer, and an adjudication of the defendant's liability thereon, it is not inappropriate to refer to and ascertain the extent of this constitutional appropriation.

In the Revised Statutes, ch. 28, §4, " fines, forfeitures and amercements" are required to be paid over to "county trustees, for the purpose of defraying the costs of state prosecutions and the contingent expenses of the county." The same provisions in substance are contained in the Revised Code, ch. 28, §§ 3 and 5, and brought forward in Battle's Revisal, ch. 29, §§ 2 and 4.

The constitution of 1868 (Art. IX, § 4) appropriates, for the establishing and perfecting of free public schools, " the net proceeds *that may accrue to the state* from sales of .estrays, or from fines, penalties and forfeitures." There is some change in the terms in which the appropriation is made in the constitutional amendment of 1875, which devotes to the same purpose " the net proceeds from the sale of estrays, also the clear proceeds of all penalties and forfeitures, and of all fines *collected in the several counties* for any breach of the penal or military laws of the state." Art. IX, § 5.

It is plain from this review of past legislation in regard to the distribution of the fund arising from these sources, as well as from the sale of estrays, that the appropriation in the constitution does not extend to fines, penalties or forfeitures, nor the proceeds of estrays sold, incurred, or arising in the enforcement of ordinances and rules adopted by a municipal corporation for local government. They do not " *accrue to the state*," nor are they collected in the counties for a violation of penal or military law, or by county officers upon whom this duty is devolved. It is only such that are given to the county board of education.

Those imposed to compel obedience to the laws enacted in the government and well ordering of the city, are recoverable by an action in the name of the mayor, and of course to the use of the city by an express provision of the charter (§ 83), and may be enforced when reduced to judgment, if necessary, by compulsory labor on the public streets. Acts 1866–'67, ch. 13, § 1. These cannot, upon any reasonable interpretation, be deemed to be within the intent of the framers of the organic law, as they are not within the terms in which the intent is expressed.

The act of 1871–'72, which makes the breach of a city or town ordinance a misdemeanor, simply subjects the offender to an indictment, and perhaps the fine imposed on conviction would belong to the board of education, but it cannot affect the title to fines as are imposed and collected by municipal officers and agents for municipal purposes.

We have given our views upon the subject matter of litigation, as it may facilitate the final disposition of the cause, and because it seems to be incidentally involved in the making the reference, but we simply decide there is error in making it before disposing of the preliminary defence to the action.

The judgment is reversed and this will be certified.

Error. Reversed.