A. C. WOODY v. J. W. BROOKS, Adm'r.

*Statute of Limitations, between Distributee and Administrator—Practice, Ordering Reference when Plea in Bar is interposed—The Code, §§ 153, 154, 155, 158—Appeal, when it Lies.*

1. Where the facts upon which a plea in bar is based are admitted in the pleadings, it is the duty of the Judge to determine the question of law raised, and if he refuses to pass upon the plea in bar, but orders a reference to state an account, such refusal is a denial of a right, and *in effect* an adverse ruling upon the plea, which is open to correction on appeal to this Court.

2. Upon such appeal this Court will pass upon the question, whether or not the facts admitted by the pleadings constitute a plea in bar, although such question was not passed upon *directly* by the Court below.

3. An administrator filed his final account, *ex-parte*, before the Clerk of the Superior Court in May, 1879, which account showed a balance in favor of the administrator. The plaintiff sued in April, 1888, as one of the next of kin, to have the account restated. The defendant administrator pleaded the *six-year* statute of limitation as a bar to the account: *Held*, that such statute did not apply, and an order for a reference to state the account was proper.

4. The statutes of limitation applicable to actions against administrators make a distinction between their fiduciary liabilities and their liabilities upon the administration bond.

5. Under *The Code*, § 153 (2), a creditor must bring his action within seven years next after the qualification of the personal representative, *and* the advertisement for creditors.

6. Under *The Code*, § 154 (2), an action against the personal representative, on his bond, must be brought within six years after the filing and auditing of the final account. In addition to the protection of this section, the *sureties* on the bond are exonerated unless action is brought within three years after breach of the bond. *The Code*, § 155 (6).

7. No statute of limitations is a bar to an action to recover a balance admitted by a personal representative to be due legatees or distributees on his final account, *unless* he can show that he has disposed of such balance in some way authorized by law, or unless three years have elapsed since a demand and refusal to pay such admitted balance.

8. An action to *impeach* the final account of a personal representative must be brought within ten years from the filing and auditing thereof. Such cases are governed by *The Code*, § 158.

9. *The Code*, § 154 (2), *expressly* applies to actions on the "official bond," § 154 (6) to sureties only. and § 155, so far as executors, administrators and guardians are concerned, is applicable only when there has been a settlement, either by acts of the parties or a decree of Court.

(DAVIS. J., dissented.)

CIVIL ACTION, tried before *Shipp, J.*, at September Term, 1888, of PERSON Superior Court.

The facts are stated in the opinion.

Defendant appealed

No counsel for the plaintiff.

*Messrs. J. A. Long, W. W. Fuller* and *E. C. Smith*, for the defendant.

SMITH, C. J. The plaintiff alleges that he is one of the next of kin and heirs-at-law of Moses A. Woody; that the defendant, as administrator of said Woody, on the 17th of May, 1879, "made a final settlement, *ex-parte*, before the Clerk of said Court, * * * showing a large amount of money received by him and a large amount due him" (defendant) on a final settlement.

The *fifth* allegation is "that said final settlement is false, and a fraud upon the rights of the plaintiff and all the heirs and distributees of said Woody."

The *sixth* allegation is "that the facts contained in article five of the complaint did not come to the knowledge of the plaintiff before the last three years previous to the beginning of this action, but were discovered within said three years."

He prays that the said final account "be declared false and a fraud upon the rights of the plaintiff;" * * * "that it be restated by the Court, and for other and further relief," &c.

The defendant substantially admits the allegations of the complaint, except articles five and six. These he denies, and, as a further defence, he pleads the statute of limitations, for that more than six years have elapsed since the filing and auditing of said final account.

The plaintiff moved for a reference to state the account.

The defendant objected, and insisted that he was entitled to judgment upon the pleadings.

This action was commenced on the 6th of April, 1888.

The Court declined to give judgment as prayed for by the defendant, and ordered a reference to state an account, without passing upon the plea in bar.

The plea of the statute as a defence to the action, if its applicability depended on any disputed fact, should have been disposed of, before making an order of reference, by the finding of the jury, or of the Court, with the consent of the parties. But there was no controversy here as to the facts, and hence, a question of law was raised, which it was the duty of the Court to decide, and then put the defence out of the way, or put an end to the action, as the Court should determine. It was irregular to postpone the ruling until after a reference and report, even though it was reserved; and the defendant was entitled to a ruling upon the point, and if the objection is valid and a fatal impediment to the prosecution of the action, the refusal to pass upon it, made, as it was, at the proper time, was the denial of a right, and, in effect, an adverse ruling, open to correction, as error in an appeal to this Court, as decided in numerous cases. *Dean* v. *Ragsdale*, 80 N. C., 215; *Sloan* v. *McMahon*, 85 N. C., 296; *Commissioners* v. *Raleigh*, 88 N. C., 120; *Humble* v. *Mebane*, 89 N. C., 410; *Grant* v. *Hughes*, 96 N. C., 177.

The inquiry is then presented, whether, upon the admitted facts, the action is obstructed by the statutory bar by the lapse of time since the filing and auditing the final administration account in the office of the Clerk.

It will be noticed that a distinction is made in the enactments that interpose a barrier to suits, prosecuted against the personal representative in his fiduciary capacity, upon the liability that results from it, and those which seek to enforce the obligation created by his bond.

The creditor must bring his action within seven years next after the qualification of the representative, "and his making the advertisement required by law, for creditors of the deceased to present their claims, when no personal service of such notice, in writing, is made upon the creditor," and this bar is applicable alike to a surety to the debt. *The Code*, § 153, subsec. 2.

To give effect to this provision, both conditions must concur, and to show the prescribed period of inaction, and the making the advertisement directed in the case. *Cox* v. *Cox*, 84 N. C., 138.

The action upon the bond, as superadding a legal to an equitable obligation, incurred in the assumption of the office, must be begun "against any executor, administrator, collector or guardian," on his official bond, within six years after the auditing of his final account, by the proper officer, and the filing of such audited account." *The Code*, § 154, subsec. 2.

While the sureties have this protection in common with their principal, they have a further exoneration, unless sued within three years after breach of the bond. Section 155, subsection 6.

The rulings upon this subject, in cases that have come before the Court requiring a construction to be put upon the statute, do not seem to be in entire harmony; yet, on examination, they will be found to be so. In *Bushee* v. *Surles*, 77 N. C., 62, the action was for the recovery of the distributive shares, claimed by the plaintiffs, against the administrator of one Patience Bushee, and, delivering the opinion, BYNUM,

102—22

J., says: "The defendants relied upon the statute of limitations in the Court below, but do not press the point here. The statute does not run in favor of administrators against the suit of the next of kin for their distributive shares."

In *Vaughan* v. *Hines*, 87 N. C., 445, the suit was instituted by the administratrix *de bonis non* of one Henry Vaughan, appointed on February 21, 1881, on April 4 thereafter, against a surety to the bond of the former administrator, who died in 1874, to recover the unadministered assets in his hands. The recovery was resisted, on the ground that more than six years had passed since the return of the final account by the deceased, in May, 1873, before the issuing of the summons. It was held that the statute was a bar to the action, and this ruling was sustained in this Court. This was an action *on the bond*, not at the instance of the next of kin, but of the succeeding administrator, and yet it was declared that the statute began to run against the next of kin, and continued to run against the plaintiff. This determines, in effect, that, in an action on the bond, it must be prosecuted within the six years after the filing the specified account, as well by the next of kin as by creditors, in order to escape the statutory obstruction.

In *Grant* v. *Hughes*, 94 N. C., 231, the administrator *de bonis non* sued the executor of the first administrator for an account and settlement, and the qualification of the former was during the same year, at the death of the latter, and the suit was instituted shortly after the plaintiff's appointment. The defence was two-fold, the alleged conclusiveness of the final account of the state of the assets, and the bar of the statute. Both objections were overruled, and MERRIMON, J., speaking for the Court, declares: "The Court properly held that the statute of limitations invoked by the defendant did not bar the action. The action is not brought upon the *official bond* as administrator of the testator of the defendant. It is brought to compel an account and settlement of the estate of the

intestate of the plaintiff in his hands in his life-time. He was a *trustee of an express trust,* and the statute of limitations did not apply." In *Andres* v. *Powell,* 97 N. C., 155, the action was by the administrator *de bonis non* of one A. J. Shipman against the executors of A. F. Powell, one of the sureties to the administration bond of J. W. Ellis, the first administrator, who relied upon the six years' bar under § 154, and the defence, as in *Vaughan* v. *Hines, ante,* was sustained.

This view of the adjudications establishes the proposition that confines the operation of the section, which fixes the filing and auditing the final account as the initial point at which the statute begins to run, to actions upon the bond for a breach of its obligations, but leaves the representative, in his fiduciary capacity, exposed to the demand of the fiduciary or creditor, the latter losing his remedy under the conditions set out in § 153. It would be a singular, and not-to-be-accepted result, unless plainly declared, that the representative, holding the trust fund in his hands, an uncontested residue of the estate, could, after the defined period, disown responsibility to any one therefor, and keep and apply the fund to his own use. And this might happen, when there has been no violation of fiduciary duty under the bond or otherwise, and when the estate is kept intact, awaiting the demand of the party entitled to it. It is most obvious this was not intended in the discriminating provisions of the statute, and that the representative is left, under such circumstances, responsible as any other trustee.

We do not mean, however, to say that in *no case* does the statute bar the next of kin. Until a final account is filed and audited there can be no bar; nor is there any as to a balance admitted to be due by such final account, unless the executor or administrator can show that he has disposed of it in some way authorized by law, or unless there has been a demand and a refusal to pay such admitted balance, in which case the action is barred in three years after such

demand and refusal (sec. 155). When such final account is filed and audited, an action, to *impeach* it, must be brought within ten years from the filing and auditing of the same. The period of limitation is not specifically declared, but we think such a case falls within sec. 158, which applies to actions "not herein provided for." It must come within this section or none, as sec. 154, subdiv. 2, *expressly* applies to actions upon the "official bond," subdiv. 6 to sureties only, and sec. 155, so far as executors, administrators and guardians are concerned, is applicable only when there has been a settlement, either by act of the parties or a decree of Court. The final account having been filed within ten years before the commencement of this action, there was, therefore, no error in disregarding the plea, which is unavailing as a defence, and in ordering the reference, the reservation of the ruling thereupon being without prejudice to the appellant. The judgment must, therefore, be affirmed.

No error.      Affirmed.

DAVIS, J. (dissenting). I cannot concur in the opinion, that where a final account is filed by an executor or administrator, there is no limitation to an action against him by the next of kin, unless the action be on the bond.

Except in actions commenced before the 24th of August, 1868, or in cases where the right of action accrued before that date, all civil actions must be commenced within the periods prescribed in title 3, chapter 10, of *The Code*, " except where in special cases a different limitation is prescribed by statute." *The Code*, §§ 136 and 138.

There is now no such thing as a statutory presumption, and all persons having a right to sue, unless under some of the disabilities named in the statute, must bring their actions within the times limited, or an absolute bar may be interposed.

Section 154, subsec. 2, of *The Code*, requires that an action (not against sureties, but) against any executor or administrator, &c., on his official bond, shall be commenced within six years from the filing and auditing of his final account as required by law.

Section 155, subsec. 2, requires the action to be commenced within three years "upon a liability created by statute, other than a penalty or forfeiture, unless some other time be mentioned in the statute creating it."

The duties and liabilities of executors and administrators are prescribed in the various sections of chapter 33 of *The Code*, and among these, §§ 1488 and 14ᴠ9 define their duties in regard to paying over, to persons entitled to the same, money remaining in their hands, specifying what may be retained, and if they do not know to whom to pay, they may file petitions against all parties interested, under § 1225, *et seq.*, or they may pay it into the Clerk's office, under § 1543.

By sec. 1402, they may be required to file their final accounts for settlement at any time after two years from their qualification, and this at the instance of any one interested in the estate; and §§ 1510 and 1511 give to legatees and distributees the right to sue executors and administrators for legacies or distributive shares, at any time after the lapse of two years f·om their qualification.

Section 1504 directs when money shall be paid to the University.

Section 155, subsection 6, limits an action against the sureties to three years after the breach for which the action is brought. So that, as I understand the law, the limit to an action against the executor or administrator, individually, and on his bond, is six years after the filing and auditing his final account, and against his sureties on his bond, three years after a breach or failure to discharge any of the duties required of him by by law. The ultimate limit of liability is three years after filing and auditing his account, unless

against him individually and on his bond, and then six years is the ultimate limit.

The filing and auditing the final account is the initial point at which the statute begins to run against the executor or administrator; and this, it seems to me, is not only the proper construction to be placed on the sections of *The Code* referred to, but, as we shall presently see, is, I think, the only construction that has been placed on them by this Court since *The Code* went into effect.

It is admitted that the statute is a bar to an action *on the bond* by the next of kin. The bond is given to insure a faithful discharge of his duties by the fiduciary, and one of these duties is to deliver and pay over, to the person entitled to the same, all sums in his hands, at the expiration of two years, with the exceptions referred to in §§ 1488 and 1489 of *The Code.*

If the person or persons entitled shall be *vigilant* enough to do so, he or they may bring an action on the bond against the principal alone, within six years after the filing and auditing the final account.

It will not do to say that the six years' bar is to protect the sureties on the bond; they are protected by a much shorter limit. Three years, from the filing and auditing the final account, is the longest possible time by which they can be held bound, and what possible necessity can there be for the six years' bar to an action on the bond given to insure the faithful discharge of the duties of the executor or administrator, if there is an equal remedy, as against him by suit, not on the bond, to which there is no limit? It seems to me contrary to all analogy and to all precedent, to say that there shall be a limit to a right of action for breach of fiduciary duty, secured by the solemnity of a bond, and no limit at all to an action for the same breach of fiduciary duty, if you choose to ignore the bond and sue on the simple liability. It was not so with the statute of presumptions, where

no such distinction existed. The statute of presumptions began to run when the cause of action accrued. So, now, the statute of limitations begins to run from the respective periods designated in the statute, and where none is designated or provided for, then " within ten years after the cause of action shall have accrued."   *The Code*, § 158.

This last referred to section applies to every action not otherwise " provided for," and there is now no action to which some limit, according to the subject-matter, does not apply.   The administrator, after his final account and settlement, has no right to retain in his hands the money of the estate to await the demands of those entitled to it, but it is his duty to pay it over, and it is the right and duty of those entitled to it (if laboring under no disability) to see that this is done within the time limited, or they will be barred.   After the filing and auditing of the final account, he has no duty to perform in relation thereto, except to pay what he may have in his hands to the persons entitled to it.

The action before us is based on § 155, subsection 9, of *The Code*, and the complaint recognizes the fact that the statute would bar the action, but for allegations 5 and 6, in which it is charged that there were frauds in the final settlement, and that the frauds did not " come to the knowledge of the plaintiff before the last three years previous to the bringing of this action, but were discovered within said three years, and not without."

These allegations of fraud and recent discovery were denied, and presented issues upon which depended the plea of the statute of limitations, and the right of plaintiff to the plea of the statute of limitations, and the defendant had a right to have these issues passed upon.

After the time prescribed in § 153 of *The Code*, the statute is an absolute bar to creditors (*Lawrence* v. *Norfleet*, 90 N. C., 533 ; *Worthy* v. *McIntosh*, 90 N C., 536), and after the time prescribed in § 154, subsec. 2, and § 155, subsec. 2, the

statute is an absolute bar to the next of kin.    *Vaughan* v.
*Hines,* 87 N. C., 445; *Spruill* v. *Sanderson,* 79 N. C., 466.

But it is said that *Bushee* v. *Surles,* 77 N. C., 62, and *Grant*
v. *Hughes,* 94 N. C., 231, are in conflict with this position.    I
think not.    In *Grant* v. *Hughes,* the action was governed by
the law as it was prior to 1868, the original administration
having been taken out in 1861, and so far as the question
before us is concerned, has no application, and, as was said
in *Vaughan* v. *Hines,* distinguishing it from *Bushee* v. *Surles:*
" In that case (*Bushee* v. *Surles*) there had not been any final
account filed by the administrator," and, besides, as will be
seen by reference to the original record of the case on file,
though it does not appear in the report, the administration
was prior to 1868, and that case does not apply.

But it is said *Vaughan* v. *Hines* and *Andres* v. *Powell* were
actions on bonds.

This is true, but in *Vaughan* v. *Hines* it is expressly said
that the statute of presumptions has been repealed, so far as
it applied to actions upon the bonds of administrators, &c.
and the statute of limitations substituted therefor.

There being now no statute of presumptions, the statute
of limitations, according to the subject-matter, applies to all
actions whatever.

. I think the reasoning in *Vaughan* v. *Hines* is predicated
upon the idea, that the limitation to an action upon the bond
is the ultimate time within which an action can be brought
by the next of kin, and the following citation from that case
is, to my mind, conclusive of the question before us.    After
stating that the statute of limitations prescribed by *The Code*
applied to that action, it is said :

" That being so, the question arises, does the statute of
limitations prescribed by *The Code* run in favor of an admin-
istrator against an action brought by the next of kin for
their distributive shares ?    It was held in *Ivy* v. *Rogers,* 1
Dev. Eq., 58, a case decided in 1827, and recently approved

by this Court in the case of *Hodges* v. *Council*, 86 N. C., 181, that where there was a return made by an administrator to the county court, admitting a balance against him, the statute of presumptions was put in motion, and, after ten years from the date of the return, a bill filed by the next of kin to recover that balance was held to be too late. Chief Justice TAYLOR, who delivered the opinion of the Court, said: 'This case is purely of equitable jurisdiction, and not subject to any legal bar, by force of the statute of limitations, yet this Court, from an early period, has adopted rules as to barring an equity. drawn as nearly as possible from analogy to the rules of law.'"

And in answer to the objection (the very objection that is made in the present) that the defendant, who was an administrator, was a trustee, and therefore could not avail himself of such a defence, proceeded to say : " I deem it unnecessary to examine the doctrine relative to *express* and implied trusts, because the settlement of the account by the administrator presents a clear ground of decision, whatever the defendant's original character may have been. *From that time* the trust ceased to be open, and the defendant stood in a new relation to the complainant as his debtor. Could the complainant have sued at law, his cause of action would then have begun to run from that time."

The principle to be deduced from this decision is, that if the action could be brought at law upon the bond of an administrator, who had filed his final account in the proper office, the *statute of presumptions* would begin to run in his favor against the next of kin, and the claim would be presumed to be paid after the lapse of ten years from the time of filing the account.

Where the statute of presumptions began to run under the old law, I think the statute of limitations begins to run under the new, and whether under the one or the other, the filing of the account is the initial period of time at which it

begins to run in favor of an administrator or executor against next of kin or legatees. As was said by Chief Justice TAYLOR in *Ivy* v. *Rogers* (quoted in *Vaughan* v. *Hines* and *Cox* v. *Cox*), the doctrine in regard to *express trusts* has no application after the filing of the final account. Certainly, if it could have none under the law as it then stood, it can have none now; and, as was said by this Court in regard to the return of the administrator in *Vaughan* v. *Hines*, "it was such a statement as showed to all persons interested in the distribution of the estate that the administration of the estate was finished"

Whenever the right of action *accrues* to the *cestui que trust* against the trustee, whether the trust be express or implied, and certainly after the "trust ceased to be open," by the plain and unmistakable language of the statute, it begins to run, and the action must be brought within the time limited, if there be no disability. The right of action *accrues* to the legatee or distributee after two years from qualification of the executor or administrator, and he, if no disability exists, brings his action within six years after the filing and auditing the final account, or he may be barred.

For the reasons given, I think the defendant had a right to have the issues of "fraud" and "discovery within three years," raised by the allegations of the complaint and denials of the answer, passed upon before re-opening the account.

NOTE.—DAVIS, J. Since this was filed, the opinion of the Court has been so changed as to make ten years a bar, and to that extent what is said in the dissenting opinion does not apply.