JAMES THOMPSON et als. v. JAMES NATIONS, Administrator of Jesse Thompson, et als.,

*Statute of Presumptions and Limitations—Sureties on Administration Bond.*

1. *The Code* (§137) does not postpone the time when causes of action shall accrue, but merely extends the period of limitation or presumption after a cause of action has accrued by omitting from the count the time between May 20, 1861, and January 1, 1870.

2. Where a cause of action against an administrator arose in December' 1864, and he filed his account in April, 1891, and suit was brought against him and his sureties in June, 1891: *Held*, that the lapse of twenty years from January 1, 1870, raised a presumption of settlement or abandonment which was not rebutted, as to the sureties on the administration bond, by the filing of the administrator's account showing a balance due the distributees.

Civil action, tried before *Boykin, J.,* at Spring Term, 1893, of Surry Superior Court.

The complaint alleged that on 10th December, 1862, the defendant Nations, qualified as administrator of Jesse Thompson, deceased, the other defendants being sureties on his administration bond, and that on 13th April, 1891, the administrator filed his account before the Clerk of the Superior Court, showing a balance of $466.65 due the plaintiffs as heirs and next of kin of the intestate, a small part only of which had been paid, and judgment was asked against the sureties for the penalty of the bond to be discharged upon payment of the amount due, etc.

The defendant sureties in their answer contended that the action, as to them, was barred by the statute of presumptions and limitations; that more than ten years, and also more than three years, had elapsed since plaintiff's cause of action accrued; that more than seven years had elapsed since the administrator qualified and made advertisement for creditors to present their claims, etc.

The plaintiffs introduced the records of the Clerk's office of Surry county showing an account filed by the defendant administrator on April 13, 1891, and closed his case, asking for judgment against all of the defendants.

Judgment being rendered for the plaintiffs, the defendant sureties appealed.

*Messrs. Glenn & Manly,* for defendants (appellants).
No counsel *contra.*

Clark, J.: The administration having been taken out 10th December, 1862, a cause of action accrued to plaintiffs two years thereafter. Rev. Code, ch. 46, sec. 24. *The Code,* §137, does not postpone the time when causes of action shall accrue, but merely extends the period of limitation

or presumption after a cause of action has accrued, by omitting from the count the time between 20th May, 1861, and January 1, 1870.    This cause of action having accrued in 1864, the presumption from the lapse of time applies and not the statute of limitation.    *The Code*, §136; *Bushee* v. *Surles*, 77 N. C., 62.    "The lapse of time (under the law prior to C. C. P.) constitutes no *bar* to the demand of an account by the next of kin against the administrator, but it may raise a presumption (of settlement or abandonment) * * * when there has been an interval of twenty years after the time appointed for settlement with the next of kin."    *Bird* v. *Graham*, 36 N. C., 196; *Salter* v. *Blount*, 22 N. C., 218.

The account filed by the administrator 13th April, 1891, was after the presumption from the lapse of twenty years from January 1, 1870, had arisen and could not rebut it as to these appellants who are the sureties on the administration bond.    There being no conflicting evidence, it was the duty of the Court to declare that the presumption was not rebutted.    *Grant* v. *Burgwyn*, 84 N. C., 560.

PER CURIAM.                                          Error.