W. E. ROSS, Administrator of Charles Ross v. R. C. DAVIS et al.

(Decided March 15, 1898).

*Action for Breach of Warranty—Warranty in Deed—Breach—Life Tenant—Equitable Lien.*

1. No action can be maintained for a breach of covenant of warranty against the heirs of a life-tenant who, together with the remaindermen, conveyed land to a purchaser, with general warranty of title, when the grantee had notice of the life tenancy and was not ousted until after the death of the life tenant.

2. Where a *feme covert* and her husband conveyed the wife's land with covenant of general warranty but the privy examination of the wife was not taken and the proceeds of the sale were invested by the wife in other lands, and after her death her heirs recovered the land so sold and conveyed by their ancestor; *Held*, that equity will follow the proceeds of the sale and declare the heirs trustees of the land in which such proceeds were invested to the extent of such investment.

CIVIL ACTION heard on complaint and demurrer, before *Allen, J.*, at April Term, 1897, of Granville Superior Court. The demurrer was overruled and the defendants appealed. The facts appear in the opinion.

*Messrs. Winston, Fuller & Biggs* and *T. T.* and *A. A. Hicks*, for plaintiffs.

*Messrs. A. W. Graham* and *J. W. Graham*, for defendants (appellants).

FURCHES, J.: By the will of Chesley Qualls, Eliza Qualls, the widow of Chesley, and Frances Blackley wife of J. H. Blackley and daughter of Chesley Qualls, were the owners of 84 acres of land in Granville county—the said Eliza owning a life estate therein and Frances, the remainder in fee simple. In 1875, Eliza and Frances sold this land to Charles Ross at the price of $400, and, upon payment of this sum to them, the said Eliza and Frances and her husband, J. H. Blackley executed to said Charles Ross a deed, in form conveying said land to him in fee simple, with warranty, and Charles took possession of the land under this deed and held the same until 1885, when he sold and conveyed it to one Wyche in fee simple with warranty. Wyche held the land until 1895, when he was ousted by the defendants in this action, who are the children and grandchildren of the said Frances Blackley. After Wyche was ousted as above stated, he brought suit on the warranty contained in the deed of Charles Ross to him, and recovered thereon from the plaintiff in this action (119 N. C., 174). Charles Ross is dead and the plaintiff is administrator c. t. a. Frances Blackley died on the 9th of December, 1889, leaving the defendants her heirs at law, and Eliza Qualls died in January, 1893, leaving the defendants her heirs at law. At the time of making the deed to Charles Ross, the said Eliza was sole, but the said Frances was under the disability of coverture; and, as her privy examination was not taken, the deed failed to convey her estate in the land, and this was the ground upon which the defendants were enabled to recover the land and to oust Wyche, the purchaser of Charles Ross. Upon the sale to Ross and the payment of the purchase money by him, the said Eliza and Frances invested the money re-

ceived from him in the purchase of other lands from one Cannady, lying in Granville County, known as the "Morgan lands" and described in the plaintiff's complaint. One half of this tract so purchased of Cannady was conveyed to Eliza Qualls and the other half to Frances Blackley, ancestor of the defendants.

The plaintiff's complaint contains two counts—one for breach of warranty, and the other, in which he asks to follow the fund into the "Morgan lands." We see no ground upon which the count upon the warranty can be sustained. It was known to Ross that Eliza had only a life estate in the land. This fact was declared by the will of Chesley Qualls under whom Eliza held, and we must presume was acted upon in this transaction, as the deed was signed by Frances Blackley and her husband. And as the purchaser Ross and his assignee Wyche held the undisturbed possession of this land until after the death of Eliza and the termination of her estate therein, the plaintiff has no right to complain of her.

But as it would be unconscionable for the defendants to hold the land, bought by their ancestor, Frances, with the money received from Charles Ross, after having repudiated her sale to Ross, and after they have recovered the land sold by her to Ross, (*Edwards* v. *Culberson*, 111 N. C., 342; *Scott* v. *Battle*, 85 N. C., 184) and it being admitted by the demurrer of the defendants that the land conveyed to Frances by Cannady was bought with the money she got from Ross, equity will follow this fund and declare the defendants trustees of said land so conveyed to *Frances* for the repayment of that part of the money she got from Ross, and invested in the "Morgan land." They will not be allowed to hold both the land she sold and the land she bought.

*Edwards* v. *Culberson* and *Scott* v. *Battle, supra.* But it will not do so as to the part conveyed to Eliza Qualls.

It was claimed that other money in the hands of Mr. Fleming and in the hands of the guardian of the defendants should be held liable. But this cannot be done.

The judgment of the Court below overruling defendant's demurrer is affirmed.

Affirmed.