State on relation of SARAH BRIGGS v. DAVID SMITH, Adm'r.

### *Account and Settlement—Statute of Limitations.*

While the general rule is that an action or proceeding to re-adjust a settlement made under the supervision of a competent court must be brought within three years from the time of such settlement, yet there is an exception where the settlement is made with a *feme covert,* against whom the statute of limitations does not run pending the coverture.

(The court takes occasion to express its disapprobation of the practice of carrying up cases by piece-meal.)

(*Wheeler* v. *Piper,* 3 Jones Eq., 249 ; *Whedbee* v. *Whedbee,* 5 Jones Eq., 393; *Spruill* v. *Sanderson,* 79 N. C., 466; *Lippard* v. *Troutman,* 72 N. C., 551, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of DAVIDSON Superior Court, before *Buxton, J.*

The facts appear in the opinion. The plaintiff appealed from the judgment of the court below.

*Mr. W. H. Bailey,* for plaintiff.
*Mr. M. H. Pinnix,* for defendant.

'SMITH, C. J.   In answer to the complaint, containing two counts, one charging a breach of the intestate's guardian bond and the other seeking to impeach and set aside an alleged settlement of his administration of the trust fund, after the majority and marriage of the relator, the defendant as his administrator relies on the said settlement and a receipt then given and the bar of the statute of limitations to both claims. The other controverted matters being reserved for the consideration of a jury, should one become necessary, the parties by consent submit to the court to find

the facts upon which rests the defence under the statute and to determine the law applicable thereto. The facts so found are as follows:

The defendant's intestate became guardian to the relator and executed the bond in suit on August 15th, 1863. The relator arrived at full age in November 1869, and was married on April 14th of the next year. She had the settlement with the intestate and gave him the acknowledgment referred to on May 5th, 1870. The intestate's final account of administration of his guardianship was returned to the probate judge and audited and filed on the day of the settlement with the ward. The guardian died in March 1875, and this action was begun on March 8th of the following year. Upon these facts the court being of opinion that the action was barred gave judgment for the defendant and the relator appealed.

The cause of action, being the non-payment to the relator of what was due on her arriving at full age, accrued after the adoption of the code of civil procedure and is governed by the limitations therein prescribed. Sec. 16.

If there had been no settlement, the action on the bond is within the six years allowed after the auditing of the final account, by section 33. But the settlement, admitted to have been made and relied on by the defendant, is an obstacle in the way of a recovery upon the bond so long as it remains and can be removed only by impeachment for fraud in fact or implied from the fiduciary relation subsisting between the guardian and his ward, as the plaintiff undertakes to do. The time within which this may be done is by several adjudications and C. C. P. restricted to the period of three years. *Wheeler* v. *Piper*, 3 Jones' Eq., 249; *Whedbee* v. *Whedbee*, 5 Jones' Eq., 392; *Spruill* v. *Sanderson*, 79 N. C., 466; C. C. P., § 34, (9). The settlement however took place after the relator's marriage, and the statute does not run against her because of her coverture. Section 42.

While it results from the legal right of a married woman
to hold and retain her separate estate, as if she were a feme
sole and no guardian or trustee is required for its manage-
ment or protection, that she can receive what is due to her
and give effectual acquittance for what is paid, yet her
coverture reserves her right to attack the settlement and the
validity of the written discharge for fraud or upon other
sufficient legal grounds notwithstanding the lapse of time
which bars one under no disability, not because she has not
capacity to act in the premises but that her right of action
for relief from fraud is not barred. In this respect her po-
sition is under the existing law peculiar and anomalous.
The case of *Wheeler* v. *Piper* is in the argument of *Mr. Bailey*
correctly distinguished from that before us, in that, the adult
husband then became the owner of his wife's choses in ac-
tion by reducing them into his possession and he was com-
petent to receive and give a release binding upon both.
Hence the delay of three years was a bar to the recovery of
the slave and the right to impeach the deed of conveyance
from the feme to her father which obstructed such recovery.
But since the adoption of the constitution the wife's estate
remains separate and does not by marriage vest in the hus-
band. She may sue without him when the action relates to
her separate property, C. C. P., § 56. And her coverture
affords the same protection against the consequences of the
lapse of time as before the recent changes, as declared in
*Lippard* v. *Troutman*, 72 N. C., 551.

While then in the present aspect of the case we sustain
the ruling of the court as to the count on the bond and the
entry of the *nol. pros.* as to the surety confines the action to
the liability of the guardian alone, we think the relator
may proceed with her second alleged cause of action and
that the ruling as to this is erroneous.

It is proper we should express our disapproval of the
mode of proceeding adopted, whereby instead of a trial of

all the issues and a final disposition of the whole controversy, a part of the issues is separated from the others to be passed on, not decisive of the result, and the trial has again to be gone over with. All the issues should be settled and points of law reserved with consent, so that the decision may be final. The policy of the code is to secure an early and complete disposition of the cause. This suggestion has been more than once heretofore made, *Kirby* v. *Mills*, 78 N. C., 124. There must be a new trial and it is so ordered.

Error. *Venire de novo.*