NEWTON COX and others v. LEVI COX, Ex'r.

*Trial—Account—Issue—Executors and Administrators—Statute of Limitations.*

1. Where a case involves both an account and the trial of an issue by a jury, it is not error to postpone the reference until the issue is passed upon.

2. An executor or administrator who pleads the statute of limitations under section 32 (2) of the code, must show that the seven years have expired next after his qualification before suit brought, and that he has advertised according to law. Without proof of the advertisement the plea of the statute will not avail him.

(*R. R. Co.* v. *Morrison*, 82 N. C., 141; *Barham* v. *Lomax*, 73 N. C., 76; *Cooper* v. *Cherry*, 8 Jones, 323, cited and approved.)

CIVIL ACTION on a guardian bond tried at Spring Term, 1880, of RANDOLPH Superior Court, before *Seymour, J.*

The action was brought upon the guardian bond of Thomas Cox, the testator of the defendant. William Cox, late of Randolph county, died in the year 1856, testate. His will in which his son Thomas Cox was appointed executor

was admitted to probate at the August term, 1856, of the court of pleas and quarter sessions for Randolph county. The testator bequeathed in his will ten dollars to each of his grand-children, being seven in number, to-wit: Newton Cox, Sarah E. Cox, Eliza Cox and Nancy Cox (now intermarried with William Craven), Mary Ann Cox (intermarried with Calvin Wells) and Joshua S. Cox. Thomas Cox on the probate of the will was duly qualified as executor and afterwards in 1864 was appointed *guardian* of the said grand-children of his testator and then executed the guardian bond, sued on, dated the 3d of February, 1864.

Thomas Cox died on the 9th of May, 1872, and on the 20th of the same month his will was admitted to probate and the defendant, Levi Cox, who was appointed executor therein, qualified and took upon himself the burthen of executing said will. The wards of his testator all being of age (except Sarah Cox) when he qualified as executor, he tendered to them their respective shares of the identical bank bills which he had received from his testator constituting the fund owing to the plaintiffs as wards of his testator, and all of them refused to receive the same except Joshua S. Cox and Mary Ann Cox, wife of Calvin Wells. They received their shares and therefore have not joined in this action. The defendant relied upon the statute of limitations, pleading that he had made due advertisement according to law for all creditors of his testator's estate to present their claims and that the plaintiffs have not brought this action within seven years, neither after the death of the said Thomas Cox, defendant's testator, nor within seven years next after this defendant's qualifying as his executor. Upon a call of the case, the plaintiffs moved for a reference to the clerk to take an account of the guardianship, and His Honor refused the motion on the ground that the defendant had interposed the plea of the statute of limitations and a reference should be postponed

until the issue raised by the plea was tried, and accordingly submitted the issue to the jury, to which ruling the plaintiff excepted.

Upon the issue submitted, the jury found a special verdict as follows: "That the testator, Thomas Cox, died on the 9th day of May, 1872, that the defendant, Levi Cox, qualified as executor on the 20th of May, 1872, on the probate of the will, and that on the same day he put up written notices at the court house door and four other public places in the county of Randolph, notifying creditors to present their claims within twelve months and five days. That all the relations except Sarah Cox were of the full age of twenty-one years, more than seven years before the commencement of this action, and that the said Sarah Cox became twenty-one years of age within three years, viz.: 1876."

Upon the rendition of this verdict His Honor adjudged that the action was barred by the statute of limitations as to the plaintiffs, Newton Cox, E. H. Cox, Eliza Cox, and William Craven and wife Nancy Craven, and that they take nothing by this action; and that they pay four-fifths of the costs of this action up to and including the costs of this term to be taxed by the clerk. It is further ordered that the clerk of this court take an account of the guardianship of Thomas Cox as guardian of Sarah Cox only, and report the state of the account and condition of the fund to the next term. To which judgment the plaintiff excepted and appealed.

*Messrs. Scott & Caldwell*, for plaintiffs.
No counsel for defendant.

ASHE, J. The first exception taken by the defendant's counsel is to the ruling of His Honor in regard to postponing a reference for an account until the issue made by the pleadings upon the statute of limitations was tried. When a case

involves both an account and the trial of an issue by a jury, they cannot be investigated at the same time—the one must precede the other—and it would be needless to increase the expense and trouble of a reference when the case might result adversely to the plaintiff upon the finding of the jury. But when the issue is first tried, if the verdict should be for the defendant the account could still be taken; but if for the plaintiff, that would put an end to the case and save the necessity of an account. This practice is recognized and recommended in the case of *A. T. & O. R. R. Co.* v. *Morrison*, 82. N. C., 141. See also *Parham* v. *Lomax*, 73 N. C., 76.

The other exception taken was to the judgment rendered by His Honor upon the special verdict in relation to the statute of limitations. In this there was no error. The jury found that all of the plaintiffs were of full age on the 20th day of May, 1872, that the defendant qualified as executor on that day and on the same day put up written notices at the court house door and four other public places in the county of Randolph, notifying creditors to present their claims within twelve months and five days from that date. The statute of limitations applicable to this case is chapter 17 of Battle's Revisal, Title 3, section 32, subdiv. 2, which provides that actions must be brought "by any creditor of a deceased person against his personal or real representative, within seven years next after the qualification of the executor or administrator and the making the advertisement required by law for creditors of the deceased to present their claims, &c. We do not think it was intended by this statute that the seven years should begin to run from the time of "making the advertisement." If that was the intention of the legislature they would not in the same connection have employed the words " next after the qualification of the executor or administrator " as that is an event which must precede the advertisement and which under the pro-

visions of the law may do so, by the space of twenty days. To give the act that construction, there would be two events and leave it doubtful from which the time is to be computed. We are of the opinion, the words "and making the advertisment required by law," &c., were used simply to qualify the provisions of the act, and that the act should be construed as if it read within seven years next after the qualification of the executor or administrator, provided he shall have made the advertisement required by law for creditors of the deceased to present their claims, &c. So that for an executor or administrator to make out his defence of the statute of limitations, he must show that seven years have transpired after his qualification before the commencement of the action and that he has advertised as required by law. Without proof of the advertisement, the plea of the statute of limitations cannot avail him. We are sustained in this construction by the interpretation which has been put by this court upon the act of 1789. That act (Rev. Code, ch. 46, § 16,) provided that every executor or administrator should advertise within two months after qualification for creditors to present their claims within the time prescribed by law, and by chapter 65, section 12, a part of the same act, that all creditors residing in the state should present their claims within two years from the qualification of the executor or administrator, and if they should fail to do so, they should be forever barred from the recovery of their debt. Though the failure to present the claims is declared to be an absolute bar (except against those laboring under disabilities) without any qualification as to the advertisement, this court has held that this statute did not protect an administrator unless he had paid over the assets to the distributees and taken refunding bonds as well as advertised in conformity to the act. *Cooper* v. *Cherry,* 8 Jones, 323. The judgment of the court below must be affirmed.

No error.                                                    Affirmed.