N. M. LAWRENCE, Adm'r, v. BENJ. NORFLEET, Adm'r.

*Executors and Administrators—Statute of Limitations.*

1. Suits against an administrator must be brought by creditors of the decedent within seven years next after the qualification of the administrator. THE CODE, §153. This statute, in favor of the estates of deceased persons, is an absolute bar unless suit is brought within the time specified, whether there be assets or not in the hands of the representative.

2. While the advertisement for creditors to present their claims is an indispensable prerequisite to its operation, yet, as to the time from which the statute begins to run, it is incidental.

3. And where a suit is brought by one administrator against another, it must be commenced within seven years next after the right of action vests in the plaintiff under his appointment.

(*Cox* v. *Cox*, 84 N. C., 138, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of EDGECOMBE Superior Court, before *Gilmer, J.*

Henry S. Lloyd died in the year 1860, leaving a will and therein appointing as his executors William Norfleet and William Lloyd, both of whom accepted the trust and proceeded in the discharge of the duties imposed. William Norfleet, who

survived his associate, died on December 29, 1871, having also made a will and appointed John Norfleet his executor, who renounced, and letters of administration on the testator's estate were issued on January 6, 1872, to the defendant Benjamin Norfleet.

Letters of administration with the will annexed on the unadmistered estate of the testator Henry S. Lloyd, on March 31, 1873, were issued to the plaintiff N. M. Lawrence who instituted the present action on April 2d, 1880.

At the time of his death, the testator Henry S. Lloyd was indebted in the sum of $5,773.96 by bond executed on January 5, 1860, and payable near the end of the year to Robert H. Austin and the said William Norfleet, "as executors of Dr. C. H. Dicken, deceased," on which are endorsed several successive credits for sums paid by the executors of the obligor, the first of $2,640, paid June 11th, 1861, and acknowledged by the signature of the executor Robert H. Austin; the last of $1,562.94 paid March 5th, 1871, the receipt being without any signature; and these with several intermediate credits were all entered according to their date in the life-time of the defendants' testator. There is still another and later credit entered since his death, and bearing date May 5th, 1872, for $92.74.

The defendant, in due time after his appointment, advertised for creditors as required by law.

The foregoing facts summarily set out are found by the court, the parties dispensing with a jury and consenting to the findings being made by the court; and the court also ascertains and declares " that *prima facie* there are assets or should be assets in the hands of the defendant's testator, of the estate of the said Henry S. Lloyd, to be administered.

Upon these facts the court overruled the defence under the statute of limitation set up in the answer of the defendant as a bar to the suit, and ordered a reference for a statement of the administration account of the executor with the estate of the testator, Lloyd, and from this judgment the defendant appeals.

No counsel for plaintiff.

*Messrs. Connor & Woodard,* for defendant.

SMITH, C. J., after stating the case. While the right of action against the defendant was in abeyance until the issue of letters *de bonis non* on the estate of Lloyd to the plaintiff, and the statute was suspended because there was no one competent to sue, it did then vest in the plaintiff and the statute was put in motion to run its course.

The limitations prescribed in the Code of Civil Procedure, which govern the present case, require an action to be brought "by any creditor of a deceased person against his personal or real representative within seven years next after the qualification of the executor or administrator, and his making the advertisement required by law for creditors of the deceased to present their claims, where no personal service of such notice in writing is made upon the creditor." THE CODE, §153.

This statute is construed in *Cox* v. *Cox*, 84 N. C., 138, and it is held that while the advertisement is an indispensable prerequisite to the operation, it is incidental, and the time must be computed from the qualification of the representative.

The statute then had run and completed its course on the 31st day of March, 1880, or rather on the day preceding, and the suit was not begun until the 2d day of the next month.

Our present limitations in favor of estates of deceased persons are unconnected with assets, and are absolute and positive in denying the remedy after a given time, and are intended to stimulate the vigilance of creditors and give repose to the estates of deceased debtors.

There is error, and it is adjudged that the defendant go without day and recover his costs.

Error.                                                   Reversed.