OTWAY B. DAVIS and wife et als. v. B. L. PERRY, Ext'r, et als.

*Descended Lands—Administration of Estates.*

1. Creditors of a deceased person have no lien upon his lands, but only the right to have them subjected to the payment of the debts if there shall be a deficiency of the personal assets, and consequently a conveyance made by the heir or devisee within two years after the grant of administration and advertisement for creditors, is not absolutely void, but only subject to be annulled by the contingency of the personal assets proving insufficient.

2. Where a purchaser bought land from a devisee within the two years, and after the death of the purchaser his administrator sold the land to make assets, more than two years after the issuing of letters, &c., upon the estate of the devisor; *It was held*, that a purchaser at the sale to make assets got a good title as against the creditors of the devisor.

3. In such case, the administrator of the purchaser will hold the money received from the sale of the land in *lieu* thereof, and subject to the claims of the creditors of the devisor.

4. Where a devisee or heir at law sells land derived from the devisor or ancestor more than two years after the issuing of letters testamentary, &c., to a *bona fide* purchaser for value and without notice, such purchaser gets a good title against the creditors of the devisor

or ancestor, but the devisee or heir holds the price received for the land in *lieu* thereof, and subject to the claims of such creditors, just as the land would have been.

5. A purchaser from an heir or devisee with notice, although after two years, holds the land subject to the claims of the creditors of the devisor or ancestor.

(*Badger* v. *Daniel*, 79 N. C., 372; cited and approved).

SPECIAL PROCEEDING, heard upon issues joined before the clerk, by *Clark, Judge,* at Fall Term, 1886, of CARTERET Superior Court.

It appears that Benjamin L. Perry died on the 25th day of July, 1869, in the county of Carteret, leaving a last will, which was duly proven on the 7th of July, 1870, and on the 26th of the same month, the defendant B. L. Perry and John M. Perry (the latter now deceased,) qualified as executors thereof.

On the 25th of July, 1870, Benjamin L. Perry and John L. Perry, devisees in the will mentioned, purported by deed to convey for a valuable consideration to Isaac Ramsey and Isaac E. Ramsey and their heirs, a part of a lot, situate in the county named, devised to them by that will.

Afterwards, Isaac Ramsey died intestate, and William B. Duncan, administrator of his estate, in pursuance of a judgment of the Superior Court of the county named, on the 26th of August, 1882, sold the undivided half of said land of his intestate for the price of $920.00 to the defendant William F. Dill.

At the Fall Term, 1881, of the same Court, the plaintiffs obtained judgment against the executors named above, for the sum of $4,000, and they have no personal assets of their testator out of which to pay this judgment. The action in which this judgment was obtained, began on the 26th of July, 1876, and continued pending until the judgment was obtained.

The plaintiffs contended that the conveyance of the lot of land devised to B. L. Perry and John M. Perry by the will of Benjamin L. Perry, having been made within two years next after the qualification of the executors of the will, was void as to creditors; and likewise the deed to the defendant Dill, he having purchased, as insisted, with constructive notice of the plaintiffs' rights as creditors of the testator.

The Court gave judgment in favor of the plaintiffs, directing a sale of the land mentioned, except so much thereof as was sold to the defendant Dill by the administrator of Isaac Ramsey.

The plaintiffs excepted, and appealed to this Court.

*Mr. M. D' W. Stevenson*, (*Mr. Henry R. Bryan* also filed a brief), for the plaintiffs.

*Mr. C. R. Thomas*, for the defendants.

MERRIMON J., (after stating the facts). The devisees who sold the land in question to Isaac Ramsey, had the title to it by virtue of the devise in the will to them, and their deed operated to convey the title to him. The executors of the will and the creditors had no *lien* upon the land of the testator; they only had the right, in the absence of personal assets of the testator sufficient to pay the debts and costs of administration, to resort to the land to make assets to pay such deficit. Nor, more particularly, had the plaintiffs or the defendant executor any statutory lien, nor lien created by judgment or otherwise, upon the land sold to the appellee Dill.

The statute (*The Code*, §1442,) provides, that a deed thus made, and indeed all like conveyances made by devisees and heirs at law, " within two years from the grant of letters, shall be *void* as to creditors, executors, administrators and collectors" of the deceased debtor. But this does not imply that such conveyances are absolutely void and inoperative at

all events.   The contrary appears from the terms, nature, and purpose of the statute.   They are only void in any case as to creditors and personal representatives, and as to them, only in case the personal assets are insufficient to pay the debts and costs of administration ; they are not void—they never cease to operate as to the parties to them ; nor are they void or inoperative as to *bona fide* purchasers for value, and without notice, if made after two years from the grant of letters—indeed, in that case, they are "valid even against creditors." They are never primarily void *ab initio ;* they become so only to the extent, and in the cases and contingencies prescribed by the statute ; but when the voidness supervenes to the extent indicated, it must prevail per force of the statute; it relates back to the time when the deed or other conveyance first became operative.   It seems to us that this is the obvious and necessary interpretation of the statute referred to above.

Then, as there was no lien in favor of the plaintiffs or other creditors or the defendant executor, Isaac Ramsey in his life-time, after the lapse of two years from the grant of letters to the defendant executor, could have conveyed the title— the title unincumbered—of the land in question, to any *bona fide* purchaser, for value, and without notice of the rights of the creditors and of the personal representative to resort to the land to make assets to pay debts and costs of administration, and such conveyance would have been good and valid even as against creditors.   This is so, because he had the title, subject while in him, or in any purchaser from him with notice, to be divested in the way indicated above. This was in effect decided in *Badger* v. *Daniel*, 79 N. C., 372. In that case, Mr. Justice RODMAN said : "It is of course conceded, that the sale by Henry Joyner of the lands devised to him, to Whitfield, having been made within two years after the death of Andrew Joyner, was void as to the plain-

tiffs. Whitfield held the land as Henry Joyner did, and sales by Whitfield, *after two years*, passed unincumbered estates to his vendees, Whitfield holding the price paid to him in *lieu* of the land, and subject to its liabilities. Those to whom he sold within two years, held as he did, and if their lands should be taken, they must look to him for redress."

As Isaac Ramsey had the title to the land at the time of his death, it was competent for his administrator, under the direction and with the sanction of the Court, to sell the land for proper purposes, and convey the title unincumbered to the appellee Dill, he being "a *bona fide* purchaser for value and without notice," after the lapse of two years from the grant of letters to the defendant executor. It must be taken that he was such a purchaser—nothing is said, or appears, to the contrary—and the Court below must have so treated him, else it would have given judgment adverse to him.

The argument of the learned counsel of the appellants, proceeds upon the unfounded supposition that the latter had a lien, or "*quasi* lien," upon the land in the possession of Isaac Ramsey; but as we have seen, they had none. On the contrary, he had the title under such circumstances as that he could in his life-time have passed it by his deed to a *bona fide* purchaser, for value, without notice, and after his death, his administrator could, under the direction and with the sanction of the Superior Court, do so for proper purposes.

The administrator would, however, like himself in his life-time would have done, hold the money, the price of the land, in *lieu* of it, and subject to be applied as it might have been if it had not been sold. *Badger* v. *Daniel, supra.*

The reason of the statute seems to be, that it would be unjust after the lapse of a reasonable time—two years—from the grant of letters to the personal representative, to render void sales of land by devisees and heirs at law to *bona fide* purchasers for value and without notice of the rights of creditors of

the deceased debtor. Hence in such cases the sale is upheld as valid, and the creditors and personal representatives must look to the devisee or heir, as the case may be, for the money, the price of the land, and not the land itself. This reason applies quite as strongly, when the sale is made in such case by the personal representative, or devisee, or heir at law of the devisee, or heir at law selling. It might—would—often happen, that such sale would be made without notice or apprehension of the rights of the creditors or personal representatives of the first testator or intestate, as the case might be. The judgment must therefore be affirmed.

No error.                                                     Affirmed.