(Briggs v. Smith, 83 N.C. 306; Vaughan v. Hines, 87 N.C. 445; Syme v.Badger, 96 N.C. 197; cited and approved. Davis v. Perry, 96 N.C. 260; distinguished.)
(Badger v. Daniel, 79 N.C. 372; Cox v. Cox, 84 N.C. 138; McKeithan v.McGill, 83 N.C. 517; Godley v. Taylor, 3 Dev., 179; Lawrence v. Norfleet,90 N.C. 533; Worthy v. McIntosh, ibid., 536; Speer v. James, 94 N.C. 417; cited in the dissenting opinion.)
The material allegations of the complaint are substantially as follows:
A. J. Shipman, the plaintiff's intestate, died in the county of Bladen in 1869, and one J. W. Ellis was duly appointed and qualified as his administrator, on 17 May, 1869, with Thomas S. Memory, W. M. Baldwin and A. F. Powell, now deceased, as the sureties on his administration bond. The said J. W. Ellis died in 1883, without having fully administered the assets of the said A. J. Shipman, and on the ....... day of ........., 1883, the plaintiff, W. K. Andres, was duly appointed and qualified as administratorde bonis non upon the estate of the said Shipman; the said A. F. Powell, one of the sureties on Ellis's bond, died in the county of Columbus, in the year 1873, leaving a last will and testament, with the defendants, J. W. and W. C. Powell, executors thereto, who caused the will to be duly proved in the proper court, on 19 November, 1873, and on that day qualified as executors, and immediately thereafter made the advertisement notifying creditors, etc., as required by law.
On 23 February, 1885, a judgment was rendered in the Superior Court of Bladen County, in favor of the plaintiff, as administrator, etc., against Thomas S. Memory, W. M. Baldwin and the defendants, J. W. and W. C. Powell, executors of A. F. Powell, in an action in the name of the State of North Carolina, upon his relation, against the sureties on the bond of the said J. W. Ellis, administrator, etc., for the sum of $3,059.20, with interest from 23 February, 1885, and the further sum of $155.90 costs, and no part of said judgment has been paid. (157) The said A. F. Powell left a large estate, both real and personal, which, after the payment of all his debts theretofore presented for payment, was divided among his devisees, the defendants in this action. Thomas S. Memory and W. M. Baldwin are insolvent, and the plaintiff asks judgment for an account, and that the personal estate of the testator, A. F. Powell, be subjected to the payment of the judgment *Page 137 
in his favor, and if the personal estate be insufficient, that so much of his real estate as may be necessary be subjected to the payment thereof.
The defendants, among other defenses in their answer, rely upon the seven years bar of the statute (The Code, sec. 153, sub-sec. 2); the six years bar (The Code, sec. 154, sub-sec. 2), and the three years bar (The Code, sec. 155, sub-secs. 1 and 6).
The summons was issued on 2 July, 1885, and at the August Term, 1886, the cause was referred by consent, to find the facts, and state his conclusions of law, and take an account of the administration of the estate of A. F. Powell, deceased, and report to the next term of the court.
At the January Term, 1887, the referee filed his report, finding, among other facts, those hereinbefore stated in the allegations of the complaint, and the following in addition thereto, necessary to be considered in determining the case before us on appeal.
On 8 October, 1875, the executors of A. F. Powell filed their final settlement, which was examined and approved. That there were no outstanding debts against the estate of the said A. F. Powell (meaning, of course, other than the claim of the plaintiff); that the final account of said executors had been audited and approved more than six years before the institution of the suit in Bladen against W. M. Baldwin, T. S. Memory and the said J. W. and W. C. Powell, executors of A. F. Powell, and that the other defendants were not parties to said action; and that breaches of his bond were committed by J. W. Ellis (158) more than six years before the institution of the suit in Bladen against the said Baldwin and others, and also within six years before the institution of said suit; that breaches of the bond of the said J. W. Ellis had been committed more than seven years next after the qualification of said executors, and their making the advertisement required by law, and also before the commencement of the suit in Bladen against Baldwin and others, and also within seven years; that some of the breaches of the bond of the said J. W. Ellis were committed more than three years before the commencement of the suit in Bladen, and some within that time, and that a right of action had accrued to the parties in interest more than three years before the commencement of said suit, and also within that time, that said J. W. and W. C. Powell, executors of A. F. Powell, after filing their final account and settlement, disbursed, paid out and turned over to the heirs, distributees, legatees and next of kin, the money and effects of their testator, more than three years next before the commencement of the suit instituted in Bladen County, . . . and more than three years next before the commencement of this action. The sum so paid out was, including interest, $22,823.02. *Page 138 
The referee, among other conclusions of law, finds:
"That the plea of the six years statute of limitation cannot avail the defendants.
"That the plea of the seven years statute of limitation is untenable and cannot avail the defendants."
"That the plea of the three years statute (The Code, sec. 155, sub-sec. 6), cannot avail the defendants."
To the report of the referee the defendants filed the following exceptions:
"1. It being found as a fact that this action was not commenced within seven years next after the qualification of J. W. and W. C. (159) Powell, executors of the estate of A. F. Powell, deceased, and their making the advertisement required by law, the defendants insist that the plaintiff cannot recover under this state of facts, whereas the referee has found as a matter of law to the contrary, and in which the defendants insist there is error.
"2. The referee having found as a fact that the said executors, J. W. and W. C. Powell, filed their final account, which had been audited and approved more then six years before the institution of the suit in Bladen County against W. M. Baldwin et al., he ought to have found as a conclusion of law, that the plaintiff could not recover in this action, whereas he found to the contrary, and in which the defendants insist there is error.
"3. The referee having found as a fact that the said executors, J. W. and W. C. Powell, after filing their final account and settlement, disbursed, paid out, and turned over to the heirs at law, legatees and next of kin, the moneys and effects of their testator, more than three years next before the commencement of the said suit in Bladen County by W. K. Andres, administrator d. b. n., v. W. M. Baldwin et al., and that some of the breaches on the bond of J. W. Ellis, administrator of A. J. Shipman, occurred more than three years before the commencement of the said suit by W. K. Andres, administrator, etc., v. W. M. Baldwin et al., he ought to have found as a conclusion of law, that the plaintiff's right of action was barred against the said legatees and next of kin, whereas he found to the contrary, and in which the defendants insist there is error."
His Honor was of opinion with the referee. The exceptions were overruled, and judgment rendered in favor of the plaintiff and against the defendants, ordering and adjudging that the land described in the report be sold, etc., and the proceeds applied to the satisfaction of the debt described in the complaint.
(160) From this judgment the defendant appealed. *Page 139 
Section 153, sub-sec. 2, of The Code, prescribes that an action must be commenced within seven years, "by any creditor of a deceased person against his person or real representative," etc. Section 154, sub-sec. 2, prescribes that an action must be commenced against an executor, administrator, etc., within six years after the auditing of his final accounts. Section 155, sub-sec. 6, prescribes that an action must be brought against the sureties of any executor, etc., within three years after the breach complained of.
Section 1528 enacts, that "all persons succeeding to the real or personal property of a decedent, by inheritance, devise, bequest, or distribution, shall be liable jointly and not separately, for the debts of such decedent." And section 1529 provides, that no person shall be liable under the preceding section, beyond the value of the property so acquired by him, or for any part of a debt that might by action or other due proceeding have been collected from the executor, administrator, or collector of the decedent, and it is incumbent on the creditor to show the matters herein required, to render such person liable."
All these acts are intended to limit the liability of executors, administrators, next of kin and heirs of decedents, and after reasonable time, to give quiet and repose to the estates of dead men.
In Briggs v. Smith, 83 N.C. 306, it is held, that the action must be brought within six years after the auditing of the final accounts, if there is no such disability.
In Vaughan v. Hines, 87 N.C. 445, Ashe, J., says: "Our conclusion is, that after the final account, the statute does run against the next of kin, and an action against the administrator upon his (161) official bond is barred after six years from the auditing of his final account. And if the statute protects the principal, it must also protect the surety on the bond."
If the executor or administrator fail to pay over to the next of kin within six years after the final account is audited, they are barred. To avoid the statutory bar, they must bring action within that period. It would be a curious legal anomaly, if, within six years, the next of kin should bring their action against the executor or administrator (and they must bring it within six years or be barred), and recover, and then more than six years after the auditing of the account, a creditor of the deceased should bring action, and be allowed to recover, either out of the executor or administrator, or out of the next of kin or heir. The statute might well be regarded as dead and worthless, if such could be the result, and the estate of dead men could never find repose. *Page 140 
The case of Davis v. Perry, 96 N.C. 260, and cited by counsel for the plaintiff, has no application. In that case the plea of the statute was not relied on in the answer, and the defense must be taken by answer. The Code, sec. 138.
A. J. Shipman died in 1869, and administration was taken out on his estate on 17 May, 1869, by J. W. Ellis. Ellis died in 1883, nearly fourteen years after, and it not only does not appear that the money could not have been collected out of him, but the devastavit complained of, was committed more than six years before his death. A. F. Powell died in 1873, and the final account of his executors was audited in October, 1875, and his estate distributed ten years before the bringing of this action, and eight years before the death of J. W. Ellis, the administrator of Shipman.
(162) This action was commenced in 1885, about twelve years after the qualification of the executor of A. F. Powell, and we think that it is barred, both by the six years and the seven years statutes. If those statutes have any life and force, they must apply to such a case as this. The case of Syme v. Badger, 96 N.C. 197, and the authorities there cited, are conclusive upon the point as to the seven years bar, and we need not consider it further, except to add to the authorities the case of Peck v. Wharton, Martin Yerger (Tenn. Rep.), 360.
That was a suit instituted to subject the land descended to the heirs of Daniel Wharton to the payment of his debts, under circumstances very similar to those in the present case, and the same defenses were relied on as here, with the exception that the seven years bar was that of the act of 1715, which was embodied in the laws of Tennessee. In that case the Court say: "Situated as these parties are, who ought to lose, for it appears that a loss must be sustained? . . . In case, then, of a waste of the personal estate, who shall bear the loss? Is it more reasonable that it should fall upon the heir, who has no more power than the creditor (indeed not so much), to coerce the administrator to pursue the right course? The creditor can sue the administrator for his demands — the heir cannot compel the administrator to pay the debts of the estate; he may have a wish that it may be done, but what facilities has the law given him? Then to tie up the hand of the heir, first, as to the appointment of the administrator; secondly, as to the management of the personal estate; thirdly, as to bringing and prosecuting of suits for debts due by the ancestor, and yet say, that finally his estate shall be swept away, because an accident has happened in managing the personal estate, would be casting upon the heir a most unnatural and intolerable burthen. Upon the right of the heir to plead the statute of limitation, we are of opinion that he may insist upon it, and that he is not (163) limited on the scire facias to contest only the finding of the plea *Page 141 
of fully administered. . . . We are, moreover, of the opinion that the act of 1715, of seven years, will operate as a bar, and that that act is in force, we consider one of the best established positions litigated in our courts. It is so held in North Carolina, and a concurrence of opinion in the judges of that State, even if we have doubts, would incline us to pause before we expressed them."
There is error, and the judgment must be reversed. Let this be certified.