W. K. ANDRES, Adm'r, v. J. W. POWELL and W. C. POWELL, Ex'trs, et als.

*Executors—Statute of Limitation.*

1. An action must be brought against an executor or administrator by a creditor, legatee or next of kin of the decedent, within six years after the filing of the final account, or it will be barred by the statute.

2. The rule announced in *Syme* v. *Badger,* 96 N. C., 197, affirmed, that a suit by a creditor to subject the descended land in the hands of the heir to the payment of the ancestor's debts is barred, if not brought within seven years after grant of administration and advertisement for creditors.

(*Briggs* v. *Smith,* 83 N. C., 306; *Vaughan* v. *Hines,* 87 N. C., 445; *Syme* v. *Badger,* 96 N. C., 197; cited and approved. *Davis* v. *Perry,* 96 N. C., 260; distinguished).

(*Badger* v. *Daniel*, 79 N. C., 372; *Cox* v. *Cox*, 84 N. C., 138; *McKeithan* v. *McGill*, 83 N. C., 517; *Godley* v. *Taylor*, 3 Dev., 179; *Lawrence* v. *Norfleet*, 90 N. C., 533; *Worthy* v. *McIntosh*, Ibid., 536; *Speer* v. *James*, 94 N. C., 417; cited in the dissenting opinion).

This was a CIVIL ACTION, tried before *Clark, Judge,* at January Term, 1887, of the Superior Court of COLUMBUS county.

The material allegations of the complaint are substantially as follows :

A. J. Shipman, the plaintiff's intestate, died in the county of Bladen in 1869, and one J. W. Ellis was duly appointed and qualified as his administrator, on the 17th day of May, 1869, with Thomas S. Memory, W. M. Baldwin and A. F. Powell, now deceased, as the sureties on his administration bond. The said J. W. Ellis died in 1883, without having fully administered the assets of the said A. J. Shipman, and on the ____ day of _____, 1883, the plaintiff, W. K. Andres, was duly appointed and qualified as administrator *de bonis non* upon the estate of the said Shipman ; the said A. F. Powell, one of the sureties on Ellis's bond, died in the county of Columbus, in the year 1873, leaving a last will and testament, with the defendants, J. W. and W. C. Powell, executors thereto, who caused the will to be duly proved in the proper Court, on the 19th of November, 1873, and on that day qualified as executors, and immediately thereafter made the advertisement notifying creditors, &c., as required by law.

On the 23d day of February, 1885, a judgment was rendered in the Superior Court of Bladen county, in favor of the plaintiff, as administrator, &c., against Thomas S. Memory, W. M. Baldwin and the defendants, J. W. and W. C. Powell, executors of A. F. Powell, in an action in the name of the State of North Carolina, upon his relation, against the sureties on the bond of the said J. W. Ellis, administrator, &c., for the sum of $3,059.20, with interest from the 23d day of February, 1885, and the further sum of $155.90 costs, and

no part of said judgment has been paid. The said A. F. Powell left a large estate, both real and personal, which, after the payment of all his debts theretofore presented for payment, was divided among his devisees, the defendants in this action. Thomas S. Memory and W. M. Baldwin are insolvent, and the plaintiff asks judgment for an account, and that the personal estate of the testator, A. F. Powell, be subjected to the payment of the judgment in his favor, and if the personal estate be insufficient, that so much of his real estate as may be necessary be subjected to the payment thereof.

The defendants, among other defences in their answer, rely upon the seven years' bar of the statute; (*The Code*, §153, sub-sec. 2.); the six years' bar, (*The Code*, §154, sub-sec. 2); and the three years' bar, (*The Code*, §155, sub-secs. 1 and 6).

The summons was issued on the 2d day of July, 1885, and at the August Term, 1886, the cause was referred by consent, to find the facts, and state his conclusions of law, and take an account of the administration of the estate of A. F. Powell, deceased, and report to the next Term of the Court.

At the January Term, 1887, the referee filed his report, finding, among other facts, those herein before stated in the allegations of the complaint, and the following in addition thereto, necessary to be considered in determining the case before us on appeal.

On the 8th of October, 1875, the executors of A. F. Powell filed their final settlement, which was examined and approved. That there were no outstanding debts against the estate of the said A. F. Powell, (meaning, of course, other than the claim of the plaintiff); that the final account of said executors had been audited and approved more than six years before the institution of the suit in Bladen against W. M. Baldwin, T. S. Memory and the said J. W. and W. C. Powell, executors of A. F. Powell; and that the other defend-

ants were not parties to said action; and that breaches of his
bond were committed by J. W. Ellis more than six years
before the institution of the suit in Bladen against the said
Baldwin and others, and also within six years before the in-
stitution of said suit; that breaches of the bond of the said
J. W. Ellis had been committed more than seven years next
after the qualification of said executors, and their making
the advertisement required by law, and also before the com-
mencement of the suit in Bladen against Baldwin and oth-
ers, and also within seven years; that some of the breaches
of the bond of the said J. W. Ellis were committed more
than three years before the commencement of the suit in
Bladen, and some within that time, and that a right of ac-
tion had accrued to the parties in interest more than three
years before the commencement of said suit, and also within
that time, that said J. W. and W. C Powell, executors of A.
F. Powell, after filing their final account and settlement, dis-
bursed, paid out and turned over to the heirs, distributees,
legatees and next of kin, the money and effects of their tes-
tator, more than three years next before the commencement
of the suit instituted in Bladen county,  *   *   *   and
more than three years next before the commencement of this
action. The sum so paid out was, including interest,
$22,823.02.

The referee. among other conclusions of law, finds:

"That the plea of the six years' statute of limitation can
not avail the defendants.

"That the plea of the seven years' statute of limitation
is untenable and can not avail the defendants.

"That the plea of the three years' statute (*The Code*, §155,
sub-sec. 6,) can not avail the defendants."

To the report of the referee, the defendants filed the fol-
lowing exceptions:

"1st. It being found as a fact, that this action was not
commenced within seven years next after the qualification

of J. W. and W. C. Powell, executors of the estate of A. F. Powell, deceased, and their making the advertisement required by law, the defendants insist that the plaintiff cannot recover under this state of facts, whereas the referee has found as a matter of law to the contrary, and in which the defendants insist there is error.

"2d. The referee having found as a fact, that the said executors, J. W. and W. C. Powell, filed their final account, which had been audited and approved more than six years before the institution of the suit in Bladen county against W. M. Baldwin et als., he ought to have found as a conclusion of law, that the plaintiff could not recover in this action, whereas he found to the contrary, and in which the defendants insist there is error.

"3d. The referee having found as a fact, that the said executors, J. W. and W. C. Powell, after filing their final account and settlement, disbursed, paid out, and turned over to the heirs at law, legatees and next of kin, the moneys and effects of their testator, more than three years next before the commencement of the said suit in Bladen county by W. K. Andres, administrator d. b. n., v. W. M. Baldwin et als., and that some of the breaches on the bond of J. W. Ellis administrator of A. J. Shipman, occurred more than three years before the commencement of the said suit by W. K. Andres, administrator, &c., v. W. M. Baldwin et als., he ought to have found as a conclusion of law, that the plaintiff's right of action was barred against the said legatees and next of kin, whereas he found to the contrary, and in which the defendants insist there is error."

His Honor was of opinion with the referee. The exceptions were overruled, and judgment rendered in favor of the plaintiff and against the defendants, ordering and adjudging that the land described in the report be sold, &c., and the proceeds applied to the satisfaction of the debt described in the complaint.

From this judgment the defendant appealed.

*Mr. John Devereux, Jr.*, for the plaintiff.
*Mr. A. W. Haywood*, for the defendants.

DAVIS, J., (after stating the facts).    Section 153, sub-sec. 2, of *The Code*, prescribes that an action must be commenced within seven years, " by any creditor of a deceased person against his personal or real representative," &c.    Section 154, sub-sec. 2, prescribes that an action must be commenced against an executor, administrator, &c., within six years after the auditing of his final accounts.    Section 155, sub-sec. 6, prescribes that an action must be brought against the sureties of any executor, &c., within three years after the breach complained of.

Section 1528 enacts, that " all persons succeeding to the real or personal property of a decedent, by inheritance, devise, bequest, or distribution, shall be liable jointly and not separately, for the debts of such decedent."    And §1529 provides, that no person shall be liable under the preceding section, beyond the value of the property so acquired by him, or for any part of a debt that might by action or other due proceeding have been collected from the executor, administrator, or collector of the decedent, and it is incumbent on the creditor to show the matters herein required, to render such person liable."

All these acts are intended to limit the liability of executors, administrators, next of kin and heirs of decedents, and after reasonable time, to give quiet and repose to the estates of dead men.

In *Briggs.* v. *Smith*, 83 N. C., 306, it is held, that the action must be brought within six years after the auditing of the final accounts, if there is no such disability.

In *Vaughan* v. *Hines*, 87 N. C., 445, ASHE, J., says:  " Our conclusion is, that after the final account, the statute does

run against the next of kin, and an action against the administrator upon his official bond is barred after six years from the auditing of his final account. And if the statute protects the principal, it must also protect the surety on the bond."

If the executor or administrator fail to pay over to the next of kin within six years after the final account is audited, they are barred. To avoid the statutory bar, they must bring action within that period. It would be a curious legal anomaly, if, within six years, the next of kin should bring their action against the executor or administrator, (and they must bring it within six years or be barred,) and recover, and then more than six years after the auditing of the account, a creditor of the deceased should bring action, and be allowed to recover, either out of the executor or administrator, or out of the next of kin or heir. The statute might well be regarded as dead and worthless, if such could be the result, and the estate of dead men could never find repose.

The case of *Davis* v. *Perry*, 96 N. C., 260, and cited by counsel for the plaintiff, has no application. In that case, the plea of the statute was not relied on in the answer, and the defence must be taken by answer. *The Code.* §138.

A. J. Shipman died in 1869, and administration was taken out on his estate on the 17th of May, 1869, by J. W. Ellis. Ellis died in 1883, nearly fourteen years after, and it not only does not appear that the money could not have been collected out of him, but the *devastavit* complained of, was committed more than six years before his death. A. F. Powell died in 1873, and the final account of his executors was audited in October, 1875, and his estate distributed ten years before the bringing of this action, and eight years before the death of J. W. Ellis, the administrator of Shipman.

11

This action was commenced in 1885, about twelve years after the qualification of the executor of A. F. Powell, and we think that it is barred, both by the six years' and the seven years' statutes. If those statutes have any life and force, they must apply to such a case as this. The case of *Syme* v. *Badger*, 96 N. C., 197, and the authorities there cited, are conclusive upon the point as to the seven years' bar, and we need not consider it further, except to add to the authorities the case of *Peck* v. *Wharton, Martin* v. *Yerger*, (Tenn. Rep.,) 360.

That was a suit instituted to subject the land descended to the heirs of Daniel Wharton to the payment of his debts, under circumstances very similar to those in the present case, and the same defences were relied on as here, with the exception that the seven years' bar was that of the act of 1715, which was embodied in the laws of Tennessee. In that case, the Court say: "Situated as these parties are, who ought to lose, for it appears that a loss must be sustained? * * * * In case, then, of a waste of the personal estate, who shall bear the loss? Is it more reasonable that it should fall upon the heir, who has no more power than the creditor, (indeed not so much,) to coerce the administrator to pursue the right course? The creditor can sue the administrator for his demands—the heir cannot compel the administrator to pay the debts of the estate; he may have a wish that it may be done, but what facilities has the law given him? Then to tie up the hand of the heir, first, as to the appointment of the administrator; secondly, as to the management of the personal estate; thirdly, as to the bringing and prosecuting of suits for debts due by the ancestor, and yet say, that finally his estate shall be swept away, because an accident has happened in managing the personal estate, would be casting upon the heir a most unnatural and intolerable burthen. Upon the right of the heir to plead the statute of limitation, we are of opinion that he may insist upon it,

ANDRES *v.* POWELL.

and that he is not limited on the *scire facias* to contest only the finding of the plea of fully administered. * * * * We are, moreover, of the opinion that the act of 1715, of seven years, will operate as a bar, and that that act is in force, we consider one of the best established positions litigated in our Courts. It is so held in North Carolina, and a concurrence of opinion in the Judges of that State, even if we had doubts, would incline us to pause before we expressed them."

There is error, and the judgment must be reversed. Let this be certified.

MERRIMON, J., (dissenting). The statute (*The Code*, §153, par. 2,) provides that actions brought by any creditor of a deceased person, against his *personal or real* representative, must be brought within seven years next after the qualification of the executor or administrator, and his making the advertisement required by law for creditors of the deceased to present their claims, where no personal service of such notice in writing is made upon the creditor ; and a creditor thus barred of a recovery against the representative of any principal debtor, shall also be barred of a recovery against the surety to such debt.

In my judgment, this limitation refers to and embraces only such causes of action as exist and are actionable at the time the executor or administrator qualifies as such, and makes the advertisement mentioned, with the exception of causes of action—claims and debts—as to which the executor or administrator gives the creditor express notice to present the same, as provided by the statute, (*The Code*, §1424,) and as to which a different limitation applies. It does not apply to causes of action that arise—however they may arise —after the time designated, until they become actionable; until a cause of action upon them has accrued, and particularly, it does not apply to debts and liabilities of the testa-

tor or intestate which had not matured and become actionable at that time, and does not apply to them until the right of action upon them accrues.

The interpretation that it does, it seems to me, leads to the anomalous and absurd result of barring a party's debt or demand before it becomes actionable. Such an interpretation ought not to be adopted, if one more consonant with justice and reason can be given.

As I do not concur in the opinion and judgment of the Court, I will state some of the grounds of my dissent.

It is important to observe, that the statute (Acts 1868–'69, chap. 113,) and several subsequent ones—some of them amendatory, and others not—all embodied in *The Code*, ch. 33, entitled "*Executors and Administrators*," have, in many important respects, materially changed the statutory regulations of the State in respect to the settlement and disposition of the personal estates of deceased persons from what they formerly were.

It is to be regretted that these regulations are to some extent complicated and confused. They need to be clear, simple, and of easy comprehension, particularly because they are of general and constant application, and very frequently applied by officers and persons not skilled in the interpretation of statutes.

Now, applying this general remark, in a single respect applicable here, it is to be noticed that the present statute contemplates, as formerly, that the executor, administrator or collector shall regularly prepare the estate in his hands for final distribution, immediately after the lapse of two years next after his qualification. It is provided, (*The Code*, §1488,) that "no executor, administrator or collector shall hold or retain in his hands, more of the deceased's estate than amounts to his necessary charges and disbursements, and such debts as he shall legally pay ; but all such estate so remaining, shall immediately *after the expiration of two*

*years,* be divided, and be delivered and paid to such person to whom the same may be due by law, or the will of the deceased."

There is, however, no provision as formerly (Rev. Code, ch. 40, §24,) requiring refunding bonds to be taken from the next of kin, or legatees, or other person entitled to the personal estate, for the benefit of creditors. Regularly, at once after two years, the *personal* property of whatever kind ought to be delivered and paid to the persons entitled to the same, and the executor or administrator may be compelled to render his final account at any time after that time, (*The Code,* §§1402–1510,) except (*The Code,* §1489,) that, if it shall appear on an examination of the final account of the executor, administrator or collector, that a debt against the estate *is not due,* or on which a suit is pending, the Court or Judge shall allow a sum of money sufficient to satisfy such claim, or its proportion of the assets, to remain in the hands of such executor, administrator or collector, for the purpose of paying such debt when due, or when recovered, with the expense of contesting the same.

A creditor may, after the lapse of two years, as indicated above, sue the executor or administrator, have his debt ascertained, and judgment for the same, (*The Code,* §§1427–1509,) but he must, if the estate has been distributed to those entitled to it, as regularly it ought to have been, proceed against the "persons succeeding to the real or personal property of a decedent by inheritance, devise or distribution," who " shall be liable jointly and not separately for the debt of such decedent." (*The Code,* §§1528–1532.)

The executor or administrator would be required to account for any assets remaining or subsequently coming into his hands after the lapse of two years, as indicated; but if he had delivered and paid the same to the persons entitled, the creditor would *proceed against the latter,* whether next of kin or legatee, and if the personal estate were insufficient to

pay the debt or demand, then against the heir or devisee, to subject the land of the testator or intestate to the payment of the same. If the heir or devisee had sold the land before the lapse of two years next after the grant of letters, (*The Code*, §1442,) the creditor might still have it sold to satisfy his debt; if he sold it after the lapse of that time to a purchaser who had no notice of the debt, the latter would get a good title as against the creditor, but the latter would have the right to have the heir or devisee account to him for the value of the land so sold, or so much thereof as would be necessary to pay his debt. *The Code*, §§1509, 1528, 1534; *Badger* v. *Daniel*, 79 N. C., 372; *Davis* v. *Perry*, 96 N. C., 260.

This is the regular course of procedure in such respects, and the statute of limitation first above set forth has reference to and bears upon it.

If a creditor's debt or demand against the testator or intestate sued upon, was due and actionable at the time the executor or administrator qualified, and advertised for creditors to present their debts and demands, and more than seven years lapsed before he brought his action to recover his debt, the executor, administrator, or heir, or devisee, or all of them, might avail himself or themselves of this statute of limitation. The statute so expressly provides, and seems to contemplate that the cause of action at once affects the heir or devisee, as well as the executor or administrator; and hence, the purpose is to protect all by the same lapse of time. The creditor might therefore deem it prudent, especially after the lapse of two years, to bring a creditor's action, as allowed by the statute, (*The Code*, §§1448–1511,) alleging a deficiency of assets, and making the heir or devisee a party, so as to prevent the lapse of time.

But it would be otherwise as to causes of action accruing subsequent to the qualification of the executor or administrator, and advertisement as indicated.

In such cases, time would lapse as against the creditor, only from the time his right of action accrued. This would be just and reasonable, and the statute so contemplates. *The Code,* §1509, expressly provides, that "an action may be brought by a creditor, against an executor, administrator, or collector, on a demand at any time after it is due," &c., and the like right of the creditor to sue after his debt matures, is recognized in *The Code,* §1427.

But what statute of limitation applies as to the class of cases last mentioned? It seems to me, to be that first above cited, because its scope, spirit and purpose take in all causes of action, whether matured or not, existing at the time of the qualification of the executor or administrator; and moreover, it is the particular one that embraces in terms the *"personal or real* representative" of a testator or intestate. *Cox* v. *Cox,* 84 N. C., 138; *McKethan* v. *McGill,* 83 N. C., 517.

The last cited case is pertinent, as reflecting strong light upon the meaning of the statute now under consideration. It may be said, that this is the general statute of limitation, prescribing the time within which actions founded upon causes of action affecting the executor or administrator, as such, and the heir or devisee, with liability, directly or indirectly, must be brought.

Then, how does that statute just mentioned affect the present case? The testator of the defendant executors, A. F. Powell, deceased, was in his life-time one of the sureties— the only solvent one—to the administration bond of the first administrator, J. W. Ellis, now deceased, of the intestate of the plaintiff, who qualified as such on the 17th day of May, 1869, and afterwards died in 1883, without settling and closing the estate so in his hands, and the present plaintiff was appointed administrator *de bonis non,* in his stead. The latter afterwards brought his action against the sureties of his predecessor administrator, Ellis, upon his bond as administrator, assigning as a breach thereof, that his admin-

istrator had neglected and failed to deliver and pay to the plaintiff, the property, effects and moneys, that were in his hands as such administrator, at the time of his death. The defendants, J. W. Powell and W. C. Powell, executors of the will of A. F. Powell, deceased, who was one of the sureties mentioned, were parties defendant to the last mentioned action, and the plaintiff therein, who is the present plaintiff, recovered judgment against them on the 23d of February, 1885, for $3,059.20, with interest, and for costs. It does not appear that the present defendant executors, who were defendants in that action, pleaded therein the statute of limitation. Be this as it may, the plaintiff obtained judgment as stated above.

The present action is brought to compel the defendant executors of the will of A. F. Powell, deceased, to account for assets in their hands, and pay the judgment mentioned; or if they have no such assets, but have delivered and paid to the legatees of their testator, property and money, then to compel them to pay the said judgment, and if they failed to receive personalty sufficient to pay the same, then to have so much of the land of the testator sold as may be necessary to pay the judgment, &c.

The legatees and devisees of the will are defendants. And all the defendants plead and rely upon the statute of limitation.

Now, it seems to me clear, that this statute is not a bar to the plaintiff's action. The administration bond mentioned, was a continuing one—there could be no bar to it, except in the cases specified by the statute, (*The Code*, §154, par. 2,) which provides, that an action against any executor, administrator, collector or guardian, upon his official bond, will be barred, if not brought within six years after the auditing of his final account by the proper officer, and the filing of such audited account as required by law; and likewise, in the case prescribed in the other statute, (*The Code*, §155, par.

6,) which provides, that an action against the sureties of an executor, administrator, collector or guardian, on the official bond of their principal, shall be barred, unless brought within three years after the breach thereof complained of. But no final account of the administrator Ellis ever was audited, and the breach of his official bond complained of, happened in 1883, and this action was begun on the 2d day of July, 1885, less than three years next after the breach of the bond.

The plaintiff's particular cause of action sued upon in the action in which he obtained the judgment mentioned, and which he seeks by this action to have paid and discharged, did not accrue until in 1883. It must be remembered, that the official bond of the administrator is not the cause of action, and the statute of limitation does not apply to it at all—it is the *breach* of that bond that constitutes the cause of action, and it is to an action founded upon this breach, that the limitation applies. There may be numerous and different kinds of breaches of almost every official bond, and each of these might constitute a cause of action in favor of some person interested. In this case, it may be— it seems probable there were—numerous breaches of the official bond of the administrator Ellis. The plaintiff's cause of action was the last breach of it—that indicated and sued upon, and it happened, and the right of action accrued upon it, as we have seen, in 1883.

When Ellis, administrator, and his sureties executed it, they stipulated therein, that they would answer and be amenable for every breach of its *condition*, whenever this might happen.

The testator of the defendant executors, as surety to that bond, so stipulated and bound himself, and he was so liable in his life-time, and this liability continued as to the executors of his will, and his estate in their hands, and in the hands of the legatees and devisees of his will after his death.

The official bond was *current*—continuously operative and effectual—until the whole subject-matter embraced by it was completely ended, and each succeeding time there was a breach of its condition, an action arose in favor of some person. Here, the cause of action so arose in favor of the plaintiff, and he at once, within a brief while, brought his action. The defendant executors, legatees, devisees and heirs, cannot avail themselves of the statute of limitation first above set forth, because the cause of action did not exist at the time the executors of the will of A. F. Powell, deceased, qualified as such, and did not accrue until the breach of the bond executed by their testator, which happened in 1883.

I am therefore of opinion that the opinion and judgment of the Court rest upon the misapprehension that time began to lapse against the plaintiff's cause of action at once after the qualification of the executors, and years before the cause of action arose or became actionable. I cannot conclude that an interpretation of the statute in question, that leads to such results, is the correct one. I will add, that the interpretation I have thus given the statute first above cited and set forth, is fully sustained by this Court in interpreting a statute on the same subject, almost exactly similar in pertinent respects, in *Godley* v. *Taylor*, 3 Dev., 179. In that case, Judge HALL said: " When the Legislature say that creditors shall make their claim within seven years after the death of the testator, they must have had in contemplation, such a creditor as had a *claim to make*—such a claim as might be enforced *in presenti.* They did not mean a claim that might arise *in futuro ;* which could not be enforced until it did arise or accrue. By an equitable construction of the act, he must make his claim within seven years after it accrues. To require him to make it before, would be to require of him an impossibility."

ANDRES *v.* POWELL.

This decision has always been recognized and acted upon as a correct interpretation of the statute mentioned in it, and it is expressly recognized and approved in *McKethan* v. *McGill, supra.*

What I have said, in no way conflicts with what this Court said or decided in *Lawrence* v. *Norfleet,* 90 N. C., 533, and *Worthy* v. *McIntosh,* Ibid., 536. In these cases, the Court neither said, nor intimated, nor decided, that a debt or demand against an executor or administrator, or real representative, was barred after the lapse of seven years next after the qualification of the executor or administrator, although the debt or demand had not matured, and no cause of action had accrued. In both cases, the cause of action had accrued when the time began to lapse against the plaintiff.

It is by no means clear that the defendants, legatees, devisees, and heirs at law, are not, in any view of this case, precluded from pleading the statute of limitation, inasmuch as the defendant executors suffered the plaintiff to obtain judgment against them. *Speer* v. *James,* 94 N. C., 417. But I do not deem it necessary to express any opinion in respect to this view of the plaintiff's rights.

Error.                                                Reversed.