C. A. MULL and others v. P. J. WALKER and others.

*Step-father—Parent and Child—Executors and Administrators—Statute of Presumptions—Pleading—Counter-claim—Variance.*

1. Plaintiffs sued the defendant, who was their step-father, and administrator of their deceased father, for their distributive shares in their father's estate. The defendant set up as a counter-claim the money expended by him in the necessary support of plaintiffs during their minority, and while they lived with him as part of his family: *Held*, (1) that as plaintiffs' demand was against the defendant personally, for an estate wasted and misapplied, there was no want of mutuality in defendant's demand for reduction of plaintiffs' claim, although it was not strictly a counter-claim; (2) that as the parties in this case constituted one family and were provided for in common, and it did not appear that the defendant step-father had not means of his own, sufficient for the support of the plaintiffs, plaintiffs incurred no liability to defendant, upon an implied contract, for their support and maintenance.

2. If a step-father, or father, has not means of his own sufficient for the support of his step-children or children, he may retain the interest on funds in his hands belonging to them and expend it in their necessary support. Such expenditure will be allowed him as a lawful disbursement.

3. The statute, Rev. Code, ch. 65, §§ 18. 19, was enacted to quiet contro-
versies and prevent the presentation of stale demands, and con-
tains no saving clause or exception in favor of infants or *femes
covert.*

4. Where a defendant, sued for an account, sets up, in his answer, mat-
ter in bar of an account, but also demands a reference and ac-
count, the demand for the account will not be construed as a
waiver of the other defences, but must be understood as contin-
gent upon the failure of the other defences. Therefore such a
demand in answer is not a variance.

CIVIL ACTION, tried at the Fall Term, 1887, of the Supe-
rior Court of BURKE County, before *Boykin, J.*, and a jury.

The defendant P. J. Walker, individually, and as admin-
istrator of Job Hicks, appealed.

The facts appear in the opinion.

*Mr. S. J. Erwin*, for the plaintiffs.
*Mr. E. C. Smith*, for the defendant.

SMITH, C. J.   The case made in the complaint, is this:

One Job Hicks, the first husband of the defendant Eliza,
removed in 1851, without his family, to California, and soon
after died.   Administration on his estate was, on November
24th, 1853, committed to the defendant, Peter J. Walker,
with whom his surviving widow had intermarried, and took
possession of the intestate's personal estate.

The present action, begun on May 21st, 1886, is prosecu-
ted by the intestate's two surviving daughters, Mary Jane
and Martha, with their husbands, A. J. Cooper, the husband
of a deceased daughter, and their infant children, against
the defendant Peter J. Walker and wife, and Joseph Brittain,
to recover judgment for their distributive shares, and to pur-
sue a part of the trust fund alleged to have been invested in
a tract of land sold to said Peter by the last named defend-
ant, the title to which he retains, and subject the land to their

claim, as well as the rents and profits derived by the administrator therefrom.

The complaint further alleges that the infant daughters all married while under age.

The answer admits the allegations of the complaint in regard to the death of the said Job Hicks, and the issue of letters of administration to him, as well as his taking·possession of the personal property, but alleges that he has used the same, and more, in the support of the children, while living with him before marriage, to-wit: for the several periods of 15, 14, and 8 years, and denies the purchase and payment of the land to have been made with the moneys or funds of the trust estate.

It moreover sets up the defence of the statute of limitations, and the lapse of the long period of time since the issue of letters of administration, as a bar to the relief asked.

The defendant Joseph Brittain admits his sale of the land and reception of full payment, and submits to make title to whomsoever the Court may direct.

There was a replication, denying the debt denominated a counter-claim, its validity, as such, in the present suit, and interposing the statutory bar, if it ever existed.

At March term, 1887, of Burke Superior Court, a " restraining order," the terms of which are not set out in the record, was issued, and the cause tried at the next term, before a jury, upon issues, in which they find, that the infant daughters of the intestate each married before attaining their majority, and that the land in dispute was not bought with money belonging to the estate of the intestate; and thereupon judgment was rendered against the defendant Peter Walker for the sum admitted, in his inventory, filed on February 22, 1855, to be the value of the personal estate, reduced by debts paid and commissions, and mentioned in the judgment; from which the defendant appeals.

After the empaneling of the jury, and the reading of the pleadings, the Court expressed, or, as the case states, intimated an opinion, against the counter-claim, as it is called, on the two-fold ground, that it is personal to the defendant, while the action is against him in his capacity as *administrator*, and that the law raised no contract, on account of the relations of the parties, of indebtedness on the part of the infant distributees to pay expenses incurred in their support while members of the family. Without exception thereto, but in consequence of this intimation of intended ruling, no evidence in support of this part of the defence was offered.

The defendant insisted upon the statutory bar and the presumption, arising from the lapse of time, of payment or abandonment of the present demand, and further, that the action would not lie until " the filing of a final account." The Court ruled against the defence under the statute and refused the motion to dismiss the action on account of the delay in bringing the suit. These rulings are involved in the appeal and are to be here reviewed and the law declared.

If the refusal to entertain the demand for a reduction of the plaintiffs' claim by the sums expended in their necessary support, out of their or his own funds, not strictly a counter-claim, but a diminution of the defendants' liability, had no other support than the first reason assigned for its rejection, we should be reluctant, if we did not refuse, to give our sanction to the ruling.

There is no want of mutuality in the relation of the claim. The plaintiffs' demand is against the defendant personally, for an estate wasted and misapplied by his individual conduct, and the execution upon the judgment would run against his own property only. Where the judgment and execution are against him upon a liability incurred by the intestate (or testator, as the case may be), it is against him in his representative capacity, and satisfaction is to be made out of the goods of the deceased.

100—4

But the second ground assigned for disallowing the defence, in the form in which it was presented to the Court, is tenable and quite sufficient. No liability is incurred upon an implied contract, where the parties, as in this case, constitute one family and are provided for in common. *Hussey* v. *Rountree*, Busb., 110; *Dodson* v. *McAdams*, 96 N. C., 149; *Barnes* v. *Ward*, Busb. Eq., 93.

If, however, the step-father, or even the father, has not means of his own, and has in his hands funds belonging to them, which he employs in their necessary maintenance, he would be allowed to retain so much as does not exceed accruing interest, and be accountable for what remains, not as a contract, but as a lawful disbursement.

But these modifying circumstances are not suggested, to exempt the claim from the operation of the rule, that excludes the inference of an implied contract, which would be drawn if no such family relations existed. *Walker* v. *Crowder*, 2 Ired. Eq., 478.

But we do not concur in the opinion and consequent ruling against the defence, growing out of the long lapse of time since the cause of action existed and the bringing of the suit.

Letters of administration issued in 1853, two years after which the administrator could have been called to an account and settlement. The suit was not brought until nearly thirty-one years had passed, and if the time during which all legal and statutory presumptions are drawn from its lapse be deducted, there would still remain about 22 years of inaction. The statute then in force, Rev. Code, ch. 65, §§ 18 and 19, restricts the period to ten years, after which all contracts, unrecognized as binding during the intermediate space, are presumed to have been satisfied, and all "equitable interests," after "the right of action shall have accrued on any equitable interest or claim;" are presumed to have been, in like manner, paid or abandoned.

Now, there is no saving clause in this enactment, made to quiet controversies, and prevent the presentation of stale demands, or exception in favor of infants or *femes covert*, and hence the cumulative disabilities, which prevent the starting of the statute limiting the time in which other actions are to be brought, have no application here. *Hamlin* v. *Mebane*, 1 Jones Eq., 18 ; *Hodges* v. *Council*, 86 N. C., 181; *Headen* v. *Womack*, 88 N C., 468.

The answer of the defendant Walker, whom we refer to when using the word, inasmuch as he is the only contestant party, itself demands a reference and account, the ordinary effect of a judgment for which concludes all defences that are made to the defendant's liability. But obviously this consequence cannot be ascribed to the present pleading, consistent with its general purpose and other parts, as the objection to the action is made, and the right to make it recognized and acted on by the Court. The demand for the account must, therefore, be understood as contingent upon the failure of the defence to the action, when it might become necessary. This, then, is not a variance.

At the opening of the cause, the appellee moved to dismiss the appeal, upon the alleged insufficiency of the papers to warrant it in *forma pauperis*, but was denied.

There is error, and the judgment is reversed, and the Court below will proceed to dispose of the case in accordance with the law, as declared in this opinion.

Error.                                    Reversed.